Story,
 
 J.
 

 delivered the opinion of the Court as follows :
 

 This is an action of debt brought against the former marshal of Virginia for an alleged wiiful and negligent escape of a judgment debtor. At the trial of the cause ifi the Circuit Court of Virginia, several exceptions were taken by the Plaintiff in error to the opinions of the. district judge who alone sat in the cause; and the validity of these exceptions is now to be considered by this Court.
 

 The first exception presents the question whether an escape of a judgment debtor, after a regular commitment, .under process of the United^ States’ Courts, to¡ a states jail, be. an escape for which' the marshal of the United States for the district is responsible.
 

 Congress, by a resolution passed the 23d September, 1789.
 
 (1
 
 Laws U. S. 362) recommended to the several states to pass' laws making it the duty of the keepers of their jails to receive and safe keep prisoners committed under the authority of the United States, under like.
 
 *85
 
 f -alties as in the case of prisoners committed under t . authority of such states respectively
 
 ;
 
 and, by another resolution of 3d of March, 1791, (1 Raws ü. S. 357) authorized the marshals, in the meantime, to hire temporary jails. In pursuance of the former nicndation, the legislature of Virginia, by the act of 12th November, 1789, ch. 41, (Revised Code, 43) made it the duty of the keepers of the jaiJs within the state to receive and keep prisoners arrested under the process of thé United States, and for any neglect or failure of duty, subjected them to like pains and penalties as in cases of prisoners committed under process of the state.
 

 The act of congress of 24th September, 1789, ch. 20. § 27 and 2S, authorizes the marshals of the several districts of the United States to appoint deputies, arid declares them responsible for the defaults and misfeasances in office of such deputies. But there is no provision iri any act of congress declaring the keepers of state jails
 
 quoad
 
 prisoners in custody under process of tire United States to be deputies of thetnarshals, or making the latter liable for escapes committed by the negligence or malfeasance of the former. If, therefore, the marshals be so liable, it is an inference from the general powers and duties annexed to their office.
 

 It is argued that the marshals are so liable, because, in intendment of law, prisoners committed to state jails are still deemed to be in their custody: and in support of this argument is cited the provision in the act of congress which makes the marshal, on the removal from or the. expiration of his office, responsible for the delivery to his successor of all prisoners'in his custody ,• and authorizes him, for that purpose, to retain such prisoners in his custody until his successor is appointed.. And this argument is further supported by its analogy to the case of sheriffs, and by the extreme inconvenience which, it is asserted, would arise from a contrary doctrine.
 

 The argument is hot without weight; but, upon mature consideration, wé are of opinion (hat it cannot prevail. The act of congress lias limited the resp msibility of the marshal to his own acts and the acts of his depu
 
 *86
 
 ties. The keeper of a state jail is neither in.fact r'
 
 in
 
 law the deputy of the marshal, lie is not appoint*. by nor removable at the will of the marshal. When a' prisoner is regularly committed to a state jail by the he is no longer in Ihe custody of the marsjiitl, nor controlable by him. 'Ihe marshal has no authority to command or- direct, the keeper hi respect to the nature of the imprisonment. The keeper becomes responsible for his own acts, and may expose himself by misconduct to the “ pains and penalties” of the law. For certain purposes, and to certain intents, the state jail lawfully used by the United States, may be deemed to be the jail of the United States, arid that k< eper to be keeper of-the United States. But this would'no more make the marshal liable for his acts than for the acts of any other officer (if the United Stab's whose appointment is altogether independent. And in these respects there is a manifest difference between the case of a marshal.and a sheriff. The sheriff is, in law, the keeper-of the county jail, and the jailer is bis deputy appointed and removable at bis pleasure. He has the supervision and control of ail.the prisoners within the jail; and, therefore, is justly made responsible by law for all escapes occasioned by the negligence or wilful misconduct of bis under keeper.
 

 On the whole, as neither the act of congress nor the doctrine of the common law applicable to the cast' of ’ principal and agent, affect the marshal with responsibility for the escape of a prisoner regultfrty committed to the custody of the keeper of a state- jail, we arc all of opinion that the decision of the Circuit Court upon this point was erroneous, and that the judgment must he reversed,.
 

 . This decision renders it unnecessary to consider the Other points raised in the bills of exception.
 

 fudgment reversed.