OPINION OF THE COURT — bt the
Hon. ELI HUSTON.
The facts in this case, as they are presented by the pleadings, are as follows: Richard Bowen obtained judgment in the U. States Court against Horatio J. Offutt, and sued out from the court an execution of capias ad sa-tisfaciendum against Offutt, and he was taken into custody by the marshal for the district of Kentucky, and by him delivered over to the jailer of Jefferson county. Horatio Offutt being in the custody of the jailer, executed to him a bond in the penal sum of dollars, conditioned to keep the prison hounds, and Warren Offutt became his security in said bond. Afterwards the bond was assigned over to Richard Bowen, the defendant in error, the judgment creditor, as before stated, and he hag brought his action on said bond against Warren Offutt, the plaintiff in error, alledging breaches of the condition. Upon trial in the court below, Bowen had a verdict and judgment in his favor, and the cause is brought into this court by writ of error, and it is alledged that the court below erred in overruling a demurrer, filed by the defendant below to the replications of the plaintiff, to the third and fourth pleas of the defendant; and also in various opinipns and decisions made by said court, in the progrese of .the trial, as are particularly set forth in a bill of exceptions made part of the record, by the defendant. It will not be necessary to notice the errors assigned in the order in which they are presented by the counsel, as we conceive they all resolve themselves into the questions of whether the jailer had a right to take the bond, and if so, whether the discharge of Horatio Offutt, ¡under the insolvent laws of Kentucky, is not a good defence to the action.
*546 With respect to the first question, the only difficulty which we have had to encounter, grows out of the construction which has been attempted to be put upon the act of Congress of the 6th January, 1800: See Ing. Ab. 333. It has been contended, that inasmuch as the act of the Legislature of Kentucky, authorizing jailers to take bonds for keeping the prison bounds, was passed subsequent to the act of Congress, that therefore, its provisions cannot be embraced by the former act. But we conceive that there is no rule, of construction laid down in any of the books which will sustain this position; on the contrary, almost all laws are made to operate prospectively; and indeed, the benefits which are intended to be secured by the act of Congress, would be almost entirely defeated by a decision, confining its operation to the lav/s then in force in the different States. We see no necessity for thus restricting it, and feel warranted by the most rational rules of decision in determining to give such force and effect to the statute as will avoid the injuries and inconveniences attempted to be remedied, and to secure the benefits intended to be secured. We do not doubt, then, but what, under said statute, any person imprisoned, and whose cause came within its provisions, was entitled to the liberty of the prison rule's in Kentucky, upon entering into bond conditioned according to law. It then results that we inquire into the person having the right .to take the bond. In the earlier stages of the jurisprudence of the United States, her courts had great difficulty in enforcing her judgments, and her officers incurred heavy penalties, or run great risks, from their, inability to secure persons taken on mesne process, or in execution. This state of embarrassment induced the resolution of 1789, and in conformity to which, the act of the Kentucky Legislature of 1800 was passed, giving the use of her prisons to the Marshal of the Court of the U. States, and directing her’jailers to receive prisoners from the 'hands of said marshal. And by a reference to the decision of the Supreme Court of the United States, as reported in 9 Cranch, 76-85, it will-be found that under this state of the law, the court has decided, that it is the duty of the marshal to deliver over prisoners in his custody to the keepers of the State jails, and that from the moment he does so, his authority over the person, and his responsibility cease: Consequently, upon delivering Horatio Offutt to Bridges, the jailer of Jefferson county, the marshal could not take the bond. It is equally clear, that the plaintiff, Bowen: *547 cotila not take, the bond; for upon taking the bond, he could not confer the benefit, to wit,. the privilege of the prison rules. It therefore results, that independent of the statute of Kentucky, which directs the jailer to take such bonds in cases of State cognizance, the jailer, from necessity, must be the person authorized to take it; for upon doing so, he could extend to the prisoner the liberty authorized by law.
Messrs. Buckner and Hunt, for plaintiff;
D. S. & R. J. Walker, and Geo. Adams,, for defendant
This brings us to the consideration of the second question: — It will be observed, that with respect to the person to whom the bond should be made payable, there is no express enactment of the Government of the United States; and for the purpose of effecting the objects of the act of Congress, we are authorized to sanction the act of the jailer, either by' adopting the act of the Kentucky Legislature, empowering him to take such bonds, or to base his right so to do, on his power to confer the benefit: and whether we refer to the one or the other, we arrive at the same conclusion. Not so with respect to the discharge under the insolvent laws of Kentucky. The Government of the United States has expressly legislated on this subject, and provided the means by which insolvent debtors can be released from imprisonment; and it cannot be questioned, that whenever the laws of the United States Government, and those of a State, conflict, with respect to a matter over which the former has the exclusive right of legislating, the provisions of the acts of the General Government must prevail. By reference to Ingersoll’s Ab. page 333, it will be found that the mode in which insolvent debtors are to be released is specially provided for; and it has been determined by the Supreme Court of the United States, as reported in 4 Peters, 386, that the requisitions of this statute must be conformed to, and a discharge, otherwise than as according to its provisions, is illegal.
Having thus examined these questions, we are of opinion,, that there is net error in the judgment below, and that the same must be affirmed.
Judges Montgomery, Smyth and Nicholson concur.