## UNITED STATES *vs.* SOLOMON MEHEULA.

### January 18, 1904.

*Construction of Statute.—What is an Officer Under Sec. 5408 R. S. U. S.?* The clerk of the House of Representatives of the Legislature of the Territory of Hawaii is an "officer" within the meaning of Section 5408, Revised Statutes, U. S., certain of his duties being regulated by the Organic Act creating the Territory.

*Same.—What is a Public Record?* A voucher calling for the disbursement of public funds for the House expenses of the Legislature of the Territory of Hawaii, delivered to the clerk of the House, is a "record filed or deposited in any public office" within the meaning of Section 5403, Revised Statutes, U. S.

Criminal Law:   Demurrer to Indictment.

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

C. W. Ashford, Counsel for Defendant.

DOLE, J.   The defendant is charged with violating Section 5408 of the Revised Statutes by "wilfully, unlawfully, know-"ingly, intentionally, feloniously and fraudulently destroying "a certain record, document and paper," deposited with him and in his custody, as an officer having custody of records, documents and papers of the House of Representatives of the Territory of Hawaii as clerk thereof, and which was a voucher calling for the disbursement of the public funds of the said Territory. There are four counts in the indictment charging in substantially similar terms the destruction of different vouchers.

The defendant demurred to the indictment on the grounds substantially that it does not appear therein that the defendant was an officer of the United States or an officer at all within the purview or intent of Section 5408 of the Revised Statutes of the United States; and that it does not appear that the vouchers mentioned therein were such documents or papers as are meant, intended, described or contemplated by Sections 5403 and 5408 of the Revised Statutes or any other statute of the United States.

Defendant's counsel admits in his brief that the defendant may have been a public officer, but, contends that he was not an officer within the meaning and intent of the statute.

Section 5408 of the Revised Statutes is as follows:

"Every officer having the custody of any record, document, paper, or proceeding specified in section fifty-four hundred and three, who fraudulently takes away, or withdraws, or destroys any such record, document, paper, or proceeding filed in his office or deposited with him or in his custody, shall pay a fine of not more than two thousand dollars, or suffer imprisonment at hard labor not more than three years, or both; and shall, moreover, forfeit his office and be forever afterward disqualified from holding any office under the Government of the United States."

This case turns mainly upon the construction of the word "officer" in this law. Does it mean an officer of the United States, as created by law under the specific enactments of the Constitution, under which the President appoints, with the advice and consent of the Senate, certain officers; and Congress may vest the appointment of other officers in the President, courts of law and heads of Departments, or is it used in a more popular sense in which it may include officers not appointed as above provided. Several authorities, and Congress as well, recognize as officers under the federal laws, persons who have an official status outside of the constitutional provision above referred to, such as deputy marshals and jailors of State jails, who have, for the time being, in their custody, with the consent of the

State persons committed by legal process issued by a United States court or judicial officer.

*U. S. v. Martin,* 17 Fed. Rep., 150, 153; *Randolph v. Donaldson,* 9 Cranch, 85; *U. S. v. Tinklepaugh,* 3 Blatch., 429-430.

Section 1861 of the Revised Statutes, in making provision for "subordinate officers" of the different branches of territorial legislative assemblies, enacts as follows:

"The subordinate officers of each branch of every legislative assembly shall consist of one chief clerk, who shall receive a compensation of eight dollars per day, and of one assistant clerk, one enrolling clerk, one engrossing clerk, one sergeant-at-arms, one door-keeper, one messenger and one watchman, who shall each receive a compensation of five dollars per day during the sessions, and no charge for a greater number of officers and attendants, or any larger per diem, shall be allowed or paid by the United States to any Territory."

Section 20 of the Organic Act creating the Territory of Hawaii, provides:

"That the senate and house of representatives shall each choose its own officers, determine the rules of its own proceedings, not inconsistent with this Act, and keep a journal."

Sections 47 and 49 of the Organic Act create certain duties of the clerks of each house of the Hawaiian Legislature.

The supreme authority of the Congress over Territories is referred to in the following citations:

"All territory within the jurisdiction of the United States, not included in any State, must necessarily be governed by or under the authority of Congress. The Territories are but political subdivisions of the outlying dominion of the United States. Their relation to the general government is much the same as that which counties bear to the respective States, and Congress may legislate for them as a State does for its municipal organizations."

"Congress * * * has full and complete legislative authority over the people of the Territories and all the departments of the territorial governments. It may do for the Terri-

tories what the people, under the Constitution of the United States, may do for the States." *National Bank v. County of Yankton,* 101 U. S. 133.

"In ordaining government for the Territories and the people who inhabit them, all the discretion which belongs to legislative power is vested in Congress; and that extends, beyond all controversy, to determining by law from time to time, the form of a local government in a particular Territory, and the qualification of those who shall administer it." *Murphy v. Ramsey,* 114 U. S. 44.

"The power of Congress over the Territories of the United States is general and plenary, arising from and incidental to the right to acquire the Territory itself, and from the power given by the Constitution to make all needful rules and regulations respecting the Territory or other property belonging to the United States." *Mormon Church v. U. S.,* 136 U. S. 42.

The statute under which this indictment is brought provides punishment for any "officer" who commits the offense described therein. The word "officer" is unqualified by any other words. There are no words to show that an officer under the special provision of the Constitution is meant. I am not able to find any decision upon a case brought under this statute, but there are cases under somewhat similar statutes which may throw light on this question. In 1885, the Attorney-General, in an opinion furnished to the Secretary of the Interior, found that an Assistant Attorney for the District of Columbia was not an "officer of the United States or person holding any place of "trust or profit or discharging any official function under or in "connection with any executive department of the Government "of the United States or under the Senate or House of Repre- "sentatives," under the description of Section 5498 of the Revised Statutes, and that he was not a "head of a department, "or other officer or clerk in the employ of the Government," under the description of Section 1782 of the Revised Statutes. He says:

"The District of Columbia is a corporate agent, through which the United States administer certain executive functions over the locality which includes the national capital. The chief executive authority is vested in three commissioners, and the assistant attorney in question is an officer under and appointed by them.

"It is plain, then, that under Germaine's case (99 U. S. 508), such attorney is excluded from the description 'officer of the United States' in Section 5498; and, inasmuch as the other words of that section which describe parties prohibited refers to places and offices under *Executive Departments* or *the two Houses of Congress,* it follows that this section in no part affects an assistant attorney of the District of Columbia.

"The same is true of Section 1782, unless a substantial distinction can be drawn betwixt the expressions 'officer of the United States' and 'officer in the employment of the Government,' which is at least doubtful, especially in a highly penal statute." *18 Opinions of the Attorney General,* 161.

The status of the District of Columbia, in its relation to the federal government, is similar to that of the Territories, and though the assistant attorney was an officer, he was not within the particular descriptions of the two sections of the Revised Statutes under consideration in that case. A strong presumption arising from the Attorney General's opinion is that if the description of those statutes had been merely *officers,* as is the case in the law under which the indictment before us is found, he would have given his opinion to the effect that the assistant attorney of the District of Columbia was an officer within the statute.

This court has no authority to limit the application of this statute where it is not limited by its own language or by contemporary law. The defendant was an officer of the territorial government; his office was created by Congress, and he had duties to perform which Congress had required from him as such officer. His duties appertained to matters which related

to the federal government which had the responsibility of the government of the Territory, the proper enactment of legislation and the care of the laws and proceedings of the Legislature in order that the Secretary of the Territory might record and preserve the same and forward copies thereof to Congress and the President according to law. Under the rules of the House of Representatives of the territorial Legislature, the clerk was made responsible for all the records of the House, and was required to draw such drafts on the Treasury for expenses of the session as should be authorized by the House and approved bv the Committee on Accounts, to pay all such bills and accounts as should be approved by the Committee on Accounts or ordered by the House, and to employ such typewriters and other assistants as the business of the House might, from time to time, require. Under these conditions and provisions it can hardly be said that a voucher calling for the disbursement of the public funds of the Territory was not a record of the House or that in its relation to "drafts on the Treasury for the expenses of "the session as shall be authorized by the House and approved "by the Committee on Accounts," or payments of public funds as "approved by the Committee on Accounts or ordered by the House," it was not an important part of the proceedings of the Legislature which the Secretary of the Territory was required to preserve. Certainly the President and Congress are interested in knowing how the Legislature it has established, and its officers authorized by them, are doing their work, and they are entitled to know, as the supreme government of the Territory. It cannot be said that the destruction of such a voucher is purely a territorial matter.

The provision of the statute describing the offense charged in this indictment, which removes one who is convicted thereof from his office, raises the question whether Congress could have intended to include territorial officers within the provisions of the statute. I am of the opinion that the probable non-application of the statute to State officers offers no ground for argument why territorial officers are not affected. The States

within certain limits are sovereign and conduct their own public affairs, subject to the Constitution, independently of the federal government. But the Territories are governed by Congress, and though they are generally allowed self government to some extent, it is as a privilege and not as a right; and such privilege may be removed or changed by Congress in its discretion.

The demurrer is overruled on both points.