## JONES v. McGILL et al.

District Court, D. New Hampshire.
Jan. 22, 1931.

James A. Broderick, of Manchester, N. H., for plaintiff.

Theo S. Jewett, of Laconia, N. H., and Raymond U. Smith, U. S. Atty., of Concord, N. H., for defendants.

MORRIS, District Judge.

On the 13th day of August, 1930, the plaintiff, Edward Jones, brought an action against the county of Belknap, N. H., and Joseph G. McGill, the keeper of the jail in said county, to recover damages for injuries received while confined in said jail, which injuries resulted as he alleges from the negligence of the defendants.

The action was entered in the superior court in the county of Hillsboro, N. H., on the third Tuesday in September, 1930. On the 3d day of December, 1930, the defendants filed a petition for the removal of the action to the United States District Court. The prayer of the petition was granted by the presiding justice and the cause was duly en-

tered in this court on December 11, 1930. On the same date the plaintiff filed a motion to remand the case to the state court.

The cause came on for hearing on plaintiff's petition to remand on the 16th day of January, 1931.

The defendants base their right of removal on section 33 of the Judicial Code, as amended by Act of August 23, 1916, c. 399, 39 Stat. 532 (28 USCA § 76), which provides that:

"When any civil suit * * * is commenced * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court."

Attention of counsel should be called to the fact that the procedure followed in the removal of the case from the state court does not follow the provisions of section 33, but as the case has been docketed in the District Court and the noncompliance with section 33 being merely procedural, the question should be determined on its merits rather than upon technicalities. See Hayes v. Smith (D. C.) 5 F.(2d) 684, 687.

The plaintiff at the time of his alleged injury was a federal prisoner sentenced to confinement in the Belknap county jail for the term of six months for violation of the National Prohibition Act. Sentence was imposed by the District Court September 22, 1927. The allegations of the petition are sufficient to show that McGill was acting under color of his office and in the performance of his duty at the time of the alleged injury.

Rev. St. § 5539 (18 USCA § 693), provides that:

"Whenever any criminal, convicted of any offense against the United States, is in prison in the jail or penitentiary of any State or Territory, such criminal shall in all respects be subject to the same discipline and treatment as convicts sentenced by the courts of the State or Territory in which such jail or penitentiary is situated; and while so confined therein shall be exclusively under the control of officers having charge of the same, under the laws of such State or Territory."

Plaintiff was injured while at work on the jail premises, November 1, 1927.

Whether the plaintiff, a federal prisoner, could be required to perform labor as a part of the discipline and treatment of the institution, depends upon the state requirements. See Ex parte Karstendick, 93 U. S. 396, 399, 23 L. Ed. 889. N. H. Public Laws 1926, c. 397, § 16, provides that: "Prisoners may be committed, under the authority of the United States, to any jail, upon payment of the expense of supporting them, and of fifty cents a month for the use of the jail, and of the legal fees of the jailer." Section 6 of the same chapter provides that employment shall, if possible, be provided for the prisoners in the jail. See, also, section 22 of the same chapter.

Whenever sentence is pronounced upon any person convicted of a crime and sentenced in the federal court to a state institution, the sentence as pronounced and "warrant to commit" contains the words, "subject to the discipline of that institution." The warrant to commit also contains the following language:

"And you the said keeper, in the name of the President of the United States, aforesaid, are hereby commanded to receive the said —— into your custody in said jail and him there safely to keep until this sentence is performed or he is otherwise discharged in the due course of law. Hereof fail not at your peril."

The question in issue is whether the jailer is an officer of the courts of the United States within the meaning of Judicial Code, § 33. The question appears to be answered in the affirmative in 32 Cyc. 317, wherein it is said:

"The various states have made it the duty of their officers to receive and keep in the state or county prisons any prisoner committed thereto by process or order issued under the authority of the United States as if they had been committed under the authority of the state, provision having been made by the United States for the support of such prisoners, and for certain purposes and to certain intents a state jail lawfully used by the United States may be deemed to be a jail of the United States, and the jailer or keeper to be a United States official." Randolph v. Donaldson, 9 Cranch, 76, 3 L. Ed. 662; In re Birdsong (D. C.) 39 F. 599, 4 L. R. A. 628; Ponzi v. Fessenden, 258 U. S. 254, 261, 262, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879.

 I hold that the keeper of a county jail having the custody and control of federal prisoners confined therein is an officer of the

courts of the United States, and is entitled to remove into the federal courts any action brought against him in a state court for or on account of any acts done under color of his office or in the performance of his duties as such.

The plaintiff's petition to remand is denied.