CASE 33.—PROSECUTION AGAINST CAMMILLUS ARNETT FOR VOLUNTARY MANSLAUGHTER.—February 24, 1910.

## Arnett v. Commonwealth

Appeal from Magoffin Circuit Court.

D. W. GARDINER, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Homicide—Killing Without Malice—"Voluntary Manslaughter."—An unlawful, willful, and felonious killing without malice, or in sudden affray, heat, and passion, and not in self-defense, constitutes "voluntary manslaughter."

2. Homicide—Self-Defense—Defense of Another.—Where when defendant killed deceased, he was engaged in willfully striking defendant's brother, not in decedent's necessary self-defense, with a weapon reasonably calculated to inflict death or great bodily harm, and from such striking defendant believed, and had reasonable ground to believe, that his brother was in imminent danger of suffering death or great bodily harm at deceased's hands, and defendant shot and killed deceased to avert such danger, he would not be guilty, provided he used no more force than he reasonably believed at the time was necessary for that purpose.

3. Homicide—Difficulty—Abandonment—Flight—Where accused, though having begun a difficulty with deceased, abandoned the fight and fled from deceased, who pursued him and struck him, or struck at him, with a weapon which was reasonably calculated to produce death or great bodily harm, and defendant had from this cause reasonable ground to believe, and did believe, that he was in immediate danger of suffering death or great bodily harm at deceased's hands, and to avert such danger he fired the shot which killed or contributed to the death of deceased, he would not be guilty.

A. F BYRD and B. F. ARNETT for appellant.

W. H. MAY, JAMES BREATHITT, Attorney General and TOM B. McGREGOR, Assistant Attorney General for the commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The appellant, Cammillus Arnett, and Samuel Arnett were jointly indicted by the grand jury of Magoffin county, charged with the willful murder of George Anderson. Upon the calling of the case the defendant demanded a severance from his codefendant, which was granted by the court, and the commonwealth elected to try appellant first, with the result that he was found guilty of voluntary manslaughter, and his punishment fixed at confinement in the penitentiary for 12 years.

The facts are, substantially, as follows: Some time prior to the killing, Samuel Arnett and George Anderson had a quarrel concerning certain charges which Anderson made against Arnett to the Superintendent of Public Instruction. On the day of the killing Samuel and Cammillus Arnett were both intoxicated, and came to the store of William O. Howard in Magoffin county, where they were sitting when George Anderson came in. William O. Howard, in addition to being a general merchant, was the postmaster, and Anderson had come to the postoffice in obedience to a postal card from the postmaster, Howard, informing him that there was a registered letter in the office for him, which he would have to personally receipt for. When Anderson entered, he spoke pleasantly to the crowd, saying, "How are you, gentlemen?" and the two Arnetts responded, "How are you, George?" Anderson went back to the desk to receipt for his registered letter, where-

upon Sam Arnett commenced to pick a quarrel with him. The conversation was substantially as follows: Arnett said: "Where have you been, George, for so long? I haven't seen you for quite a while." Whereupon Anderson replied: "I have been at work, Sam." To this Arnett responded: "Have you been as busy at work as you were in writing to the Superintendent of Public Instruction that I sold out the school?" Anderson replied: "I did not write the letter, Sam, but you did sell out the school." Whereupon Arnett said: "You are a damned liar." To this Anderson responded: "Sam, you are drunk now, and we will not have any quarrel about that." Arnett then asked Anderson if, when he was trying to have him (Arnett) indicted by the grand jury, he had told the grand jury anything about his (Anderson's) stealing Harris Arnett's corn. To this Anderson said, "Sam Arnett, you have gone far enough," and immediately picked up a singletree, which was in the store for sale, and with it struck Sam Arnett upon the head, knocking him to the floor, and was in the act of again striking him with the singletree when Cammillus Arnett arose from his seat, and, drawing a forty-four Colts' revolver, shot Anderson through the body from behind. Anderson then turned upon Cammillus Arnett, who fled from the house, closely followed by Anderson, who struck him several times with the singletree. The chase and pursuit took the parties out of the range of vision of any of the witnesses, but in a few seconds all heard two shots, fired in rapid succession, and when the witnesses went to the place where the shooting occurred, Anderson was found dead, with two shots through the head. The evidence showed that all three of the wounds.

inflicted upon Anderson by the defendant were necessarily fatal. This was all of the evidence adduced upon the trial, and there was no contradiction in the testimony given either for the commonwealth or the defendant.

At the conclusion of the testimony the court instructed the jury as follows:

"(1) If the jury believes from the evidence, beyond a reasonable doubt, that Cammillus Arnett in Magoffin county, and before the finding of the indictment, did unlawfully, willfully, feloniously, and of his malice aforethought, shoot and kill George Anderson with a pistol, you will find the defendant guilty of murder as charged in the indictment, and fix his punishment at death or confinement in the penitentiary for life, in your discretion.

"(2) If, however, you believe from the evidence, beyond a reasonable doubt, that in Magoffin county, and before the finding of the indictment, the defendant, Cammillus Arnett, did unlawfully, willfully, and feloniously, but without malice, and in sudden affray or sudden heat and passion, and not in self-defense, or apparently necessary self-defense of himself or another, shoot and kill George Anderson, then you will find the defendant guilty of voluntary manslaughter, and fix his punishment at confinement in the penitentiary not less than 2 nor more than 21 years, in your discretion.

"(3) If you find the defendant guilty, and have any reasonable doubt as to whether he is guilty of murder or voluntary manslaughter, you will find him guilty of voluntary manslaughter only, and fix his punishment as in instruction No. 2.

"(4) Although you may believe from the evidence that the defendant, Cammillus Arnett, shot

and killed George Anderson in Magoffin county, yet,
if you further believe from the evidence that at the
time he did so the deceased, Anderson, was engaged
in the act of willfully, and not in his (Anderson's)
own necessary or apparent necessary self-defense,
striking Sam Arnett with a weapon which was rea-
sonably calculated to inflict death or great bodily
harm, and that from such striking the defendant,
Cammillus Arnett, believed, and had reasonable
ground to believe, that Sam Arnett was in immediate
danger of suffering death or great bodily harm at
the hands of deceased, and that the defendant shot
and killed deceased·to avert that danger, and in so
doing used no greater force than he reasonably be-
lieved at the time to be necessary for that purpose,
then you will return a verdict of not guilty.

"(5) Although you may believe from the evidence
that the defendant, Cammillus Arnett, began the
difficulty with Anderson, as between him and Ander-
son, by first shooting Anderson with a pistol, when
Cammillus did not believe on reasonable grounds
that Sam Arnett was at the time in immediate dan-
ger of suffering death or great bodily harm at the
hands of Anderson, and that Cammillus did not
shoot to avert such danger from Sam, yet, if you
further believe from the evidence that Cammillus
then abandoned the fight and fled from Anderson,
and that Anderson pursued him and struck him, or
struck at him, with a weapon which was reasonably
calculated to produce death or great bodily harm,
and that Cammillus had from this cause reasonable
grounds to believe, and did believe, that he was in
immediate danger of suffering death or great bodily
harm at the hands of Anderson, and that to avert
that danger he fired the shot which killed or con-

tributed to the death of Anderson, then you will find him not guilty.

"(6) Unless you believe the defendant has been proven guilty beyond a reasonable doubt, you should find him not guilty."

It is insisted by the defendant (1) that he was entitled to a peremptory instruction to the jury to find him not guilty; and (2) that the court should have specifically instructed the jury that no mere words or language used by the defendant, Cammillus Arnett, or Samuel Arnett, or either of them, justified the infliction by the deceased, George Anderson, of any personal violence on the defendant, Samuel Arnett. We think the instructions given by the court fully covered the law of the case. Instruction No. 4 enunciated the right of Cammillus Arnett to shoot Anderson in defense of Samuel Arnett; and the real issue in the case was whether or not Cammillus Arnett in defending Samuel Arnett, used greater force than he reasonably believed at the time was necessary for the protection of his relative. The instructions given by the court necessarily excluded the idea that Anderson had a right to assault Samuel Arnett for the insulting words used by the latter to him; and, while it is true that words do not justify an assault or battery, the accused was not prejudiced by the failure of the court to allude specifically to this abstract principle of law. The jury were instructed that, if Anderson assaulted Samuel Arnett, not in his self-defense, and was putting him in danger of death or great bodily harm, then Cammillus Arnett had a right to prevent the impending injury, provided in so doing no greater force was used than was reasonably necessary for that purpose.

After a careful examination of the record, we are satisfied that the court gave the jury the whole law of the case, and that no substantial right of the defendant was prejudiced by any ruling of the trial court. The jury were the sole judges of the facts, and, believing that there was sufficient evidence to warrant the submission of the guilt or innocence of the accused to the jury, we will not review the correctness of their verdict.

Judgment affirmed.