## Sparks v. Sipple.

(Decided November 9, 1910.)

Appeal from Laurel Circuit Court.

Improper Argument to Jury—Damages Asked—Failure to Embrace in Bill of Exceptions.—The appellate court cannot consider a complaint of an alleged improper argument of counsel on a trial where the alleged improper argument is not embraced in the bill of exceptions.

C. C. WILLIAMS and H. J. JOHNSON for appellant.

HAZLEWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—affirming.

Appellee, C. J. Sipple, brought this action against appellant, Tip Sparks, to recover damages for assault and battery. Appellant filed an answer in two paragraphs. The first contained a denial of the allegations of the petition, and in the second paragraph he pleaded that appellee had wrongfully, willfully, falsely and maliciously, both verbally and in newspaper articles, accused him of wrongdoing in his business; that he was much annoyed and grieved at the charges so made, and spoke to appellee about them; that appellee brought on the difficulty by assaulting him, and that he acted in his necessary self-defense when he struck appellee. Subsequently appel-

lant filed an amended answer and counterclaim, in which he charged that appellee had unlawfully, willfully and maliciously struck him and injured him, to his damage in the sum of $5,000, for which sum he asked judgment against appellee. The trial resulted in a verdict and judgment in favor of appellee in the sum of $250. From the judgment thus obtained the appellant prosecutes this appeal.

We are asked to reverse the judgment because of misconduct on the part of counsel for appellee. The misconduct relied upon is (1) the persistence on the part of counsel in repeatedly asking questions which had been held to be incompetent, and (2) improper argument.

A careful reading of the record shows that the evidence took a very wide range, and that many matters were permitted to go to the jury without objection which had no real bearing upon the merits of the case. Evidence of the truth or falsity of the charges which appellant alleges were made by appellee was clearly inadmissible. The fact that charges were made was admissible only in mitigation of punitive damages. Notwithstanding this fact, witnesses for both sides testified to dealings which they had with appellant. This was done without objection. True, counsel for appellee did ask one or two witnesses if they knew appellant's reputation for honest dealing, after the court had held such question incompetent. In view of the wide range which the evidence took, and of the further fact that the two witnesses, of whom was asked the question theretofore held to be incompetent, made no reply, we are not inclined to hold that appellant's substantial rights were prejudiced by the conduct of counsel for appellee.

While numerous instances are cited by appellant in his brief where it is claimed counsel for appellee in his argument commented on matters theretofore excluded by the court, and made them the basis of improper argument, we find that none of the alleged improper remarks of counsel are embraced in the bill of exceptions. That being true, we are unable to consider them.

Judgment affirmed.