## Robinson v. Commonwealth.

(Decided December 21, 1917.)

### Appeal from Lawrence Circuit Court.

1. **Criminal Law—Continuance—Absent Witness.**—Until case is finally called for trial, accused is not required to announce ready, and his attorney's previously declared intention to try does not affect his right to a continuance at the indictment term, on ground of absence of a material witness, summoned and for whom attachment was issued, where he filed his affidavit as to what such witness would prove, which the Commonwealth's attorney refused to admit as true.

2. **Homicide—Intent—Evidence.**—Evidence that defendant, or another with him, said, on the morning before the killing, that he

was going to shoot the stars out of the flag and kill a man, and that the accused, in response to a question propounded to him and another shortly after the homicide, said, "Yes, but you keep your damned mouth shut;" if referring to previous declaration, is evidence in chief bearing on question of defendant's criminal purpose to injure deceased or of a general homicidal intent, of which deceased was a victim.

FRED M. VINSON and W. D. O'NEAL for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant was indicted for the willful murder of William Blevins, tried and convicted, and his punishment fixed at three years' confinement in the penitentiary.

His first complaint upon this appeal is that the court erred in refusing him a continuance at the indictment term on account of absent witness, and in refusing to admit, as true, his affidavit as to the facts which the absent witness would prove. Section 189, Criminal Code, expressly provides that when, at the same term at which an indictment is found, the ground of an application for a continuance is the absence of a material witness and defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted unless the attorney for the Commonwealth admits upon the trial that the facts contained in the affidavit are true. Not only was the continuance refused, although the defendant filed his affidavit in compliance with the code, but the court also refused even to permit the affidavit to be read as the evidence of the absent witness.

We are informed by counsel for the Commonwealth that the court's reason for refusing the continuance, as also appears from the record, was because of the fact that, on a previous day of the term when the case was called for trial and four witnesses for the defendant failed to answer, the attorneys for the defendant announced that they would try the case, if the attendance of three of these witnesses could be procured; that the case was then set for trial upon the next day of the same term; that attachments were issued for each of the defendant's four absent witnesses, and the attendance of three of them procured, the remaining absent witness being shown by the return of the officer, in whose hands the attachment had been placed for service, to have been temporarily

absent from the state. The attorneys for the defendant deny that they said upon the day when the case was first called, they would try the case if the presence of three of the four absent witnesses could be obtained, although the order refusing the continuance recites that such statement was made by them. Whether they did so state or not is, in our judgment, wholly immaterial, because the defendant was not required to announce whether or not he was ready for trial until the case was, in fact, finally called for trial, which was not done until the last day the case was set for trial, and he then announced that he was not ready because of the absence of a material witness and moved for a continuance, in support of which motion he filed proper affidavit. To refuse a continuance under such circumstances, unless the facts stated in the affidavit as to what the absent witness would prove are admitted as true, is a reversible error, as this court has frequently held. Morgan v. Comth., 14 Bush 106; Salisbury v. Comth., 79 Ky. 425; Biggs v. Comth., 159 Ky. 836; Tolliver v. Comth., 161 Ky. 81.

While the order of the court refusing the continuance plainly shows that the court's reason for so doing was the alleged statement of defendant's attorneys upon the previous day that they would try the case if they could procure the attendance of three of the four absent witnesses, it is argued by the attorneys for the Commonwealth that the action of the court was justified because of the failure upon the part of the defendant to show diligence in procuring the attendance of the absent witnesses, it being contended for the Commonwealth that a subpoena is not shown, upon issue joined upon that question, to have been issued and served upon the absent witness. It is true, there is some doubt about whether or not the subpoena was proven to have been issued and served upon the absent witness, but the record shows clearly that, upon this question of fact, the trial court found that the subpoena was issued and served upon the absent witness, because an attachment was ordered by the court and issued for his arrest, which was authorized only after his failure to appear after having been summoned.

As a reversal will be necessary, because of this error, it will not be necessary to discuss the other questions raised, except that of the competency of the evidence of the witness, Pearl Houck. The defendant was asked by the attorney for the Commonwealth, on cross-examination, if, upon the morning of the killing, he did not say

in the presence of Pearl Houck and others that he was going to the march and "shoot the stars out of the flag and kill your man," and if upon his return to his home after the killing he was not asked by Pearl Houck, "Did you do what you said you would do?" and if he did not say in reply to her, "Yes, but you keep your damned mouth shut." The defendant denied *in toto* both conversations. In rebuttal, the Commonwealth introduced Pearl Houck, who was permitted to testify over the objection of the defendant, that, on the morning of and before the killing, either the defendant, Charley Robinson, or his brother, Warren Robinson, she did not know which, made the statement that he was going to shoot the stars out of the flag and kill a man, or words to that effect; and that, when they returned to their home, she asked them, the two being together, if they did what they said they were going to do, and Charley Robinson, the accused, said, "Yes, but you keep your damned mouth shut."

There is no charge of conspiracy, and unless the defendant made the statement, alleged to have been made previous to the killing, it was not competent against him for any purpose. This statement, unconnected with that following the homicide, is inadmissible, because of the witness' inability to say that the accused did make it. But, in the alleged conversation between the witness and the defendant following the homicide, the answer of the accused to the witness' question and his injunction to her to observe secrecy, if he had reference to the alleged conversation about killing a man, and that fact was established, would be an admission that it was he who originally made the statement, and these alleged conversations would then be circumstances attending the homicide, admissible as evidence in chief bearing on the question of defendant's criminal purpose to do violence to the deceased or of his general homicidal intent, of which the deceased became a victim. Whether or not any of the statements attributed to the defendant by the witness discloses such an intent determines their competency, to be decided by the court, while the weight to be given the evidence of the witness as to such statements as are competent is for the sole consideration of the jury. We do not now pass upon the competency of this evidence because of the improper manner of its introduction and the fact that, when properly presented, its competency may be more fully tested than upon this trial.

Whatever, therefore, of Pearl Houck's testimony is competent, if any when properly introduced, is clearly substantive and should have been introduced in chief, and, while the trial court has large discretion for proper reasons in permitting the introduction of evidence out of order, it should not be done simply to permit the Commonwealth to secure a supposed advantage from its introduction just before the case is submitted to the jury, nor to permit the Commonwealth so to frame its questions as to require only an answer of yes or no. Therefore, upon another trial, this witness should be introduced in chief and only such of her evidence admitted as she can fasten upon the defendant, or as is necessary to explain what she says he did say to her with reference to killing a man, and any such statements made to her by any one other than the defendant are irrelevant and incompetent for any purpose either in chief or in rebuttal. See Hayden v. Commonwealth, 140 Ky. 634.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent herewith.