## Davis v. Commonwealth.

(Decided September 30, 1924.)

## Appeal from Fayette Circuit Court.

1. Criminal Law—Letter Written at Defendant's Dictation Held Sufficiently Identified.—Letter written at defendant's dictation, attempting to bribe one to testify in certain manner, held properly identified by testimony of one who wrote it that it had been dictated by defendant and had been read over to him, and had been handed to defendant to mail.

2. Criminal Law—Any Conduct Inconsistent with Innocence is Admissible.—Any conduct of defendant inconsistent with his innocence is admissible in evidence.

3. Criminal Law—Attempt of Accused to Induce Witness Not to Appear at Trial or to Appear and Swear Falsely is Admissible.— Any attempt, whether by persuasion, bribery, or threat, to induce witness not to appear at trial, or to appear and swear falsely for accused, is admissible against him.

4. Witnesses—Privilege of Refusing to Testify to Incriminating Matter Personal to Witness.—If one writing letter at defendant's dictation, attempting to bribe addressee to swear falsely, would incriminate himself by testifying to writing letter, privilege of re-

fusing to testify was one personal to him and not one that could be claimed for benefit of defendant.

5. Criminal Law—Question of Improper Instruction to Grand Jury in Presence of Petit Jurors Not Considered, when Not Raised Until Motion for New Trial.—Complaint that in hearing of those who had been summoned for petit jury service court instructed grand jury in manner prejudicial to defendant held not reviewable, where question was made no part of record by bill of exceptions, and was first raised on motion for new trial, in view of Criminal Code of Practice, section 282.

6. Homicide—Killing Held to Justify Death Penalty.—Death penalty held warranted, where killing was without provocation or mitigating circumstances.

TAYLOR N. HOUSE and J. J. WINN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Affirming.

The appellant, Sid Davis, tried by a jury of the Fayette circuit court for murder, was found guilty and his punishment fixed at death. He prosecutes this appeal from the judgment of the court imposing that penalty upon him. The reasons urged why appellant should be granted a new trial make it unnecessary to set forth in detail the facts and circumstances of the homicide, as given in evidence upon the trial.

As part of the case against him, the Commonwealth proved by Ben Jenkins that after the homicide and while appellant was confined in jail prior to his trial, Jenkins, at his request and dictation, wrote for him the following letter:

"Lexington, Ky., Feb. 8th., 1924.

"Mr. Curley Level,

"Dear Sir:

"Just a few lines to ask you to do me a favor and I guess you know what that is. Well, I will tell you, Curley. I want you to say that you seen John H. with a knife and saw him make a brake at me. You can fix it up any way you want it. You can say he had a knife when he was at ——. You can fix it up any way to help me out and I will pay you for it just as soon as I get out. If you want the money,

why, I will pay you now, and if they ask you did you see Brother Tribble, tell them no, you didn't see him at the time of the shooting, but you seen him after the shooting. Well, Curley, I will appreciate it if you will do that for me and keep your mouth shut. My trial is Monday morning at 9 o'clock. Well, I guess I will close. Many thanks to you.

"Yours truly,
Sid Davis,
113 E. Short St., City."

Appellant contends that it was error to permit the letter to be read to the jury because it was not properly identified as having been written by him, or as being his act, and because in testifying about having written the letter the witness thereby incriminated himself. With reference to the letter Jenkins testified that appellant, who could neither read nor write, requested him to write it and told him what to write; and that after he had written it he read it to and delivered it to appellant to mail. The Commonwealth also introduced as a witness Curley Level, to whom the letter was addressed, and proved by him that he received the letter by mail. Appellant stated that he could neither read nor write, but denied that he requested Jenkins to write the letter for him or that he knew anything about the letter having been written. We can not understand what further testimony could have been offered by the Commonwealth or what further testimony was necessary to identify the letter in question as coming from and being the act of appellant, and it speaks for itself as being an attempt by him to bribe the witness, Level.

Upon the trial of a criminal prosecution, any conduct of the accused inconsistent with his innocence is admissible in evidence. As being inconsistent with his innocence, any attempt, whether by persuasion, bribery or threat, to induce a witness not to appear at the trial, or to appear and swear falsely for the accused, is admissible. 16 Corpus Juris 555; 8 R. C. L. 189; Roberson's Kentucky Criminal Law and Procedure, vol. 2, section 965; Wilhite v. Commonwealth, 203 Ky. 543; Turpin v. Commonwealth, 140 Ky. 294; Sanderson v. Commonwealth, 11 Ky. L. Rep. 341, 12 S. W. 136; Collins v. Commonwealth, 12 Bush 27; Adams v. People, 9 Hun. (N. Y.) 89; State v. Rochfrischt, 12 La. An. 382; Winchel v. Edwards, 57 Ill. 41; Commonwealth v. Webster, 5 Cush. 326; Commonwealth v. Brigham, 147 Mass. 415.

Appellant's contention that the letter was inadmissible is wholly without merit.

Equally unmeritorious is his contention that the letter was inadmissible because in testifying about having written it the witness incriminated himself. Without passing upon the question as to whether or not by his testimony the witness incriminated himself, it is sufficient to say that the privilege of refusing to testify was one personal to the witness and not one that could be claimed for the benefit of appellant. Having testified without claiming his privilege, the testimony, as shown above, was clearly competent against defendant.

The only other reason advanced as a cause for reversing the judgment herein is the complaint that in the presence and hearing of those who had been summoned for petit jury service (some of whom sat upon the jury that tried appellant), the judge of the court, in his charge to the grand jury, in describing conditions in Fayette county with reference to lawlessness, and especially with reference to the crime of murder and the crime of carrying concealed deadly weapons, used such language as, appellant insists, was calculated to and did influence and bias those of the jury that tried him who heard it to his prejudice. We may say with reference to the portion of the trial judge's instructions to the grand jury, quoted in appellant's motion for a new trial as being a ground for setting aside the jury's verdict, that no reference whatever was made therein to the crime for which appellant had previously been indicted. The charge to the grand jury was general in its terms, having reference to no particular crime but to crime in general. Doubtless conditions in his jurisdiction fully warranted all that was said on the subject. The facts introduced in evidence against appellant by the Commonwealth upon his trial which disclosed to the jury the cruel, pitiless and bloodthirsty manner in which appellant killed his victim was sufficient of themselves to demand the penalty given by the jury. We can not believe that what was said by the judge while charging the grand jury had any influence upon the jury in its trial and conviction of appellant. But presented to us as the question was we cannot here consider it. No question as to this was raised for appellant at the time his jury was impaneled and sworn. With full knowledge so far as the record shows as to what was said to the grand jury and its probable effect on those of his jury that heard it no objection to their serving was interposed. No motion

to discharge them was made. The question was made no part of the record of appellant's trial by the bill of exceptions. It was first raised for appellant when his motion and grounds for a new trial were filed. It would be mere trifling with justice to say that a defendant who knows of any facts within the knowledge of the jury that tries him may accept the jury without question or exception, be tried and convicted by them, thus taking his chances at their hands, and after conviction have the verdict of the jury set aside for that reason, bringing it into the record first on the motion for a new trial. The Criminal Code provides—and we have repeatedly held— that no error committed upon the trial of a case can be considered by us on appeal unless it appear in the bill of exceptions. Criminal Code, section 282; Frey v. Commonwealth, 169 Ky. 528; Combs v. Commonwealth, 160 Ky. 386; Hendrickson v. Commonwealth, 147 Ky. 299; McCullum v. Commonwealth, 204 Ky. 183.

We have considered the record in this case with that degree of care demanded by the severity of the penalty inflicted. Some ten or twelve witnesses testified for the Commonwealth and from their testimony it appears that the appellant, without any provocation or mitigating circumstances, after repeatedly cursing and using to him the vilest and most insulting language, and after time and again having threatened to do so, shot his victim down, continued to fire at him lying prostrate and dying, and after discharging the last loaded cartridge from his revolver continued to snap it at his victim. He did so, too, at a time when his victim was unarmed and while he was using every peaceable means as his command to placate and persuade appellant not to carry out his murderous intent. Appellant's defense was that he killed his victim in self-defense after having been attacked by him with a knife. His version of the tragedy was contradicted by all the witnesses introduced for the Commonwealth, and was only partly corroborated by a single witness introduced in his own behalf. No criticism is offered as to the instructions given or as to any of the trial court's rulings on the introduction of evidence; and our examination of the record convinces us that no such criticism could properly be made. The instructions clearly and concisely submitted to the jury the law of the state on murder, manslaughter and self-defense, in accord with the facts proved, with proper definitions of the various terms used in the instructions. While the jury gave to appellant the

extreme penalty of the law, we feel that the manner in which and the circumstances under which he killed John H. Johnson, as the record discloses the facts to us, fully justified the penalty given.

Since the record discloses no particular in which any of appellant's rights were prejudiced, the judgment of the lower court is affirmed. The whole court sitting, except Judge Settle.