## Dalton v. Commonwealth.

(Decided October 30, 1928.)

### Appeal from Russell Circuit Court.

1. Seduction.—Where there was some evidence in prosecution for seduction that prosecuting witness had been guilty of conduct tending to show that she was not of chaste reputation before seduction, instruction that defendant could not be convicted unless prosecuting witness was at time complained, and had been theretofore, a woman of chaste conduct, was sufficient.

2. Criminal Law.—In prosecution for seduction, closing argument of attorney for commonwealth that defendant did not have to go to penitentiary, as he could marry prosecuting witness after he was found guilty and before judgment was passed upon him, was mere statement of provision of statute and was not error.

3. Criminal Law.—Where defendant prosecuted for seduction made no objection to question as to whether he had promised prose-

cutrix's father that he was going to obtain money and marry prosecutrix, defendant could not on appeal take advantage of error in asking question.

4.  Seduction.—In prosecution for seduction, testimony by prosecutrix's father that defendant promised him to obtain money and marry prosecutrix, and stated that he had promised to marry her and would stand by his word, was incompetent, since there was nothing in statement indicating that defendant promised marriage before alleged seduction.

5.  Criminal Law.—Attorneys for commonwealth are under duty to make known, at time that they discover evidence in chief, that they had overlooked introduction of evidence and should have produced same when discovering omission before defendant had concluded all his testimony; state's attorney not being permitted to withhold evidence in chief until defendant had concluded his evidence.

6.  Seduction.—In prosecution for seduction, evidence relating to pregnancy of prosecuting witness or birth of child as result of alleged illicit cohabitation should not be admitted.

O. B. BERTRAM, R. E. LLOYD and ROBERT ANTLE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was indicted by the Russell county grand jury on the charge of seduction. A trial resulted in his conviction, and the verdict of the jury prescribed his punishment at two years in the penitentiary. He complains that he did not have a fair trial because the trial court allowed the commonwealth to present certain evidence in rebuttal which should have been introduced in chief; further, that in his closing argument to the jury the commonwealth's attorney was guilty of misconduct; and, lastly, that the court did not give the full law of the case, in that he failed to define the meaning of the word "seduction" in the instructions.

Taking up his assignment of errors in reverse order, it is sufficient to say that there was some evidence that the prosecuting witness had been guilty of conduct tending to show that she was not of chaste reputation before she claims that she was seduced. Instruction 3 given by the court was to the effect that appellant could not be convicted unless the prosecuting witness was at the time complained of, and had been theretofore, a woman of

chaste conduct. This instruction was sufficient to comply with the rule announced in the case of Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617, and other cases announcing a similar rule.

The next ground urged for reversal is that in his closing argument to the jury the attorney for the commonwealth said that the defendant "did not have to go to the penitentiary, as he could marry the prosecuting witness after he was found guilty before judgment was passed upon him." This was not error. It was the mere statement of a provision of the section of the statute under which appellant was indicted.

The other ground relied on for a reversal is more serious. The prosecuting witness testified that she met the appellant about Christmas in 1925; that he called on her thereafter until some time in February; that there had been some discussion between them of illicit relations, but she had refused to accede to his desires until on one occasion in February, 1926, he told her that he would marry her, and they became engaged. Immediately thereafter the unlawful sexual act took place, and such relations existed for some months thereafter. He refused to marry her, which resulted in the indictment. After she had testified to this effect, the appellant was placed on the witness stand in his own behalf, and he denied that at any time he had promised to marry her, or that the matter of their marriage had ever been discussed between them. According to his testimony, their illicit relations were the result largely of her lustful desires. He fixed the time of the beginning of these acts about the middle of April. The prosecuting witness was 21 years of age on the 3rd day of April, 1926, and if the first act of fornication was after that date appellant would not be guilty under the statute.

While he was testifying he was asked, on cross-examination, if he had not had a conversation with the father of the prosecuting witness in which he had said, in substance, that he was going to see a man to get money, and then he was going to procure a license and marry her because he had promised to marry her, and he was going to stand to his word. He denied having made any such statement to the father of the girl. If he had made such statement, evidence offered to that effect would have been incompetent, as there was no indication in the question asked whether he said to the father of the girl that he had promised to marry her before the al-

leged seduction. There was no objection to the question, however, and the appellant cannot take advantage of it here. At the conclusion of all of the evidence offered by appellant, the commonwealth called as a witness the father of the girl. He had been present in court sitting at the table of the attorneys for the commonwealth during the progress of the trial. An objection was made to his testifying on the ground that the evidence was in chief. The court overruled the objection at the time, saying that the attorneys for the commonwealth claimed that they had overlooked the question. An exception was taken to this ruling. The witness was then allowed, over the objection of appellant, to state that appellant had told him that—

> "He was going to see Lynn Blankenship and get his money and he was going to town and get his license and marry her; that he promised to marry her and he was going to stand to his word and he went on across the river and I don't know how he made out about the money."

Aside from the fact that this was evidence in chief, and waiving that question for the time being, his answer was incompetent up to this point, as there is nothing in it which indicates that appellant had promised to marry the girl before the alleged seduction. He may have promised to marry her thereafter. The witness continued his statement by saying that the girl was at her sister's at the time, and that after appellant had made the foregoing quoted statement witness walked into the kitchen and appellant was invited to come in there. He then said:

> "I asked him what he was going to do, and he said 'I am going to take her.' Said, 'I promised to take her and I am going to be as good as my word. I love her and would wade blood to my neck for her, and I have mistreated her.' "

Still this further statement of the witness does not contain evidence which is competent against appellant. If we could construe the language, "I promised to take her," as meaning that he had promised to marry her, still there is nothing which tends to show that he admitted that he made such a promise prior to the alleged seduction.

This evidence may have been admitted as tending to impeach appellant under proper admonition of the court as to the purpose for which admitted.

Complaint is made by appellant that the admission of this evidence in rebuttal, when it should have been offered in chief, was error, and that it was an abuse of discretion on the part of the trial court to admit it over his objection. This court has been liberal in such matters, and has not frequently held that a judgment of conviction should be reversed because the trial court abused a sound discretion in the admission of the evidence. Clearly the Commonwealth knew about it while the appellant was testifying. The attorney asked the witness if he had not made such a statement. If the evidence was in chief, it was the duty of the attorneys representing the commonwealth to make known at the time that they had overlooked the introduction of this evidence, and it should have been produced before the appellant had concluded all of his testimony. Of course, it should have been introduced in chief and before the appellant testified; but, if it be true that it had been overlooked by attorneys for the commonwealth, they should have offered it at the first opportunity after the fact of its omission was called to their attention. Justice should not miscarry because of an oversight on the part of attorneys representing the commonwealth, but they should not be allowed to withhold evidence in chief until the defendant has concluded his evidence. The trial court has a wide discretion in such matters, but probably under the authority of the case of Williams v. Commonwealth, 90 Ky. 596, 14 S. W. 595, 12 Ky. Law Rep. 525, and Baker v. Commonwealth, 210 Ky. 524, 276 S. W. 550, we would have to reverse this case on account of the abuse of the discretion of the trial court in the admission of this evidence; but as the evidence was incompetent and certainly prejudicial, we will reverse the judgment of the lower court on that ground, rather than because of what may have been an abuse of discretion on the part of the trial court.

In such cases evidence relating to the pregnacy of the prosecuting witness or the birth of a child as the result of the alleged illicit cohabitation should not be admitted. Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617. Considerable evidence is in the record relating to the pregnancy of the prosecuting witness as well as the birth of a child. On another trial such evidence should not be allowed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.