# Smith v. Commonwealth.

(Decided December 10, 1929.)

WAUGH & HOWERTON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant shot and killed his father-in-law, Albert Caudill, in Greenup county, in March, 1928. Appellant was about 18 years of age when he married a daughter of Albert Caudill in April, 1927. She was about the same age. The parties lived in and about Russell, Ky. On Monday, March 19, 1928, appellant and his wife went to her father's and spent the night, returning to their home in Russell the next day. On Wednesday they went to the home of his parents, and on that night he left the home of his parents, saying that he was going fox hunting. His wife remained with his parents until

Friday, when she returned to her home in Russell, and, assisted by her brother, she removed their belongings from their home to the home of her father, leaving a note asking her husband to come to see her. Appellant had a pistol which belonged to his wife's brother, who had been living with them. He took the pistol to the home of his father on Wednesday, and upon his return Friday he obtained the pistol, for the purpose of returning it, so he testified, to his wife's brother. When he returned to his home in Russell on Friday, he found the note left by his wife, and also a note left by her brother. The note left by her brother angered him, and he wrote an angry and harsh response on the back of it. He went to the home of his father on Saturday and had supper, and left immediately thereafter, carrying with him the pistol and proceeded on his way to the home of his father-in-law. When he arrived on the road in front of their house, he stopped. His mother-in-law was just inside the door of the house, holding a child in her arms; his father-in-law was sitting on a bench, and his wife was standing on the porch. He called to his wife, saying, ''Come here,'' and in response to that command she went to him, and they engaged in a rather heated and angry argument about the removal of their things from the home.

As to what happened immediately after the controversy with his wife, and while she was there with him, divergent statements are made by him and his mother-in-law, who testified for the commonwealth. The mother-in-law stated that he fired two shots into the ground and one at his wife, at which time she started towards them, and Albert Caudill also started to where they were. Albert Caudill secured a scantling after he left the porch. As he approached with the scantling, appellant sought to get away. The mother-in-law stated that he dragged his wife along with him, while he stated that his wife had hold of his belt and was trying to hold him, and as he ran or attempted to run, he pulled her after him. Caudill followed him with the scantling a distance of 40 or 50 feet. The mother-in-law testified that, when her husband came to within 7 or 8 feet of appellant, appellant turned and fired two or more shots, one of which struck Caudill in the face and ranged upward into the brain, resulting in his death. Appellant testified that when he saw that Caudill was about to overtake him he

attempted to jerk loose from his wife, and that his belt broke and he fell forward, and his wife fell backward, and that while he was lying on the ground Caudill approached with the scantling, and he fired at him in self-defense. Immediately after the shooting appellant went out on the road near the home of Caudill, fired his pistol a time or two, fell upon the ground, kicked around a while, and then arose and walked away.

The question of the guilt or innocence of the appellant was one for the jury under the evidence. Several points are urged for reversal, and we shall consider such as are necessary to a determination of the material questions involved.

One alleged error is that the evidence as to the conduct of appellant out on the road after the homicide should not have been admitted. It can hardly be said that it was a part of the res gestae. The evidence does not make clear as to the lapse of time after he shot Caudill until he went through the gyrations in the road; but the evidence was competent, because it tended to show the state of mind of appellant immediately after he committed the homicide. It is true he said nothing, and it is difficult to understand what he meant by his peculiar conduct. Apparently he was trying to make some one believe that he had committed suicide. The evidence served no purpose other than to show his peculiar mental attitude immediately after the killing.

Another complaint about the evidence is that certain evidence in chief was admitted in rebuttal. The trial court has a large discretion in such matters, and may allow the introduction of evidence out of order; but a case will be reversed for the abuse of discretion on the part of the trial court. Hayden v. Com., 140 Ky. 634, 131 S. W. 521; Robinson v. Com., 178 Ky. 557, 199 S. W. 28; Dalton v. Com., 226 Ky. 127, 10 S. W. (2d) 609. Proof had been introduced by the commonwealth tending to show that the ball which struck Caudill in the face ranged upward, but it was also shown that he was on lower ground than appellant at the time the shot was fired. Appellant testified that he was lying on the ground when he fired the shot. In rebuttal, a witness testified that she saw appellant fire the shots, and that he was standing erect at the time. Probably this evidence was not properly introduced in rebuttal, but we could not

hold that the court abused a sound discretion in the admission of it. It is an error, however, that will not occur on another trial, which is made necessary because of errors in the instructions.

No complaint is made about the first or second instruction, relating to murder and manslaughter. Complaint is made about the third instruction, because of the omission of a phrase relating to the necessity on the part of appellant as it appeared to him to shoot in his self-defense. The court had said to the jury that, if "he then believed, and in the exercise of a reasonable judgment under the facts and circumstances proven in evidence, had reasonable grounds to believe that the said Albert Caudill was then and there about to kill him or inflict upon him some great bodily harm, then the defendant had the right to use such means as was necessary or reasonably appeared to him at the time to be necessary to meet the impending danger real or to him apparent even to the extent of shooting and killing said Caudill."

That part of the instruction quoted is not subject to criticism, but it continued: "And if the jury should believe from the evidence that in shooting at and killing the said Caudill on said occasion, if he did so, the defendant used only such means as were necessary to avert any such danger to himself, then they ought to acquit him on the ground of self-defense and apparent necessity therefor."

After the words "as were necessary," and before the words "to avert," should have been inserted "or reasonably appeared to him at the time to be necessary to meet the impending danger real or to him apparent." It is unnecessary for us to determine whether the error in this instruction was sufficiently prejudicial to compel a reversal, as the judgment must be reversed for another reason.

The following language at the conclusion of the fourth instruction should be omitted on another trial: "But should find him guilty under the first or second instruction, if they should believe from the evidence beyond a reasonable doubt as set out and indicated in either of said instructions."

Appellant testified that he withdrew from any difficulty that existed while he was in the road near the house of Caudill, and that he was fleeing at the time he was overtaken by Caudill. He was entitled to an instruction

56

covering this particular point in his defense, and the court, on another trial, will give an instruction similar to that directed in the case of Arnett v. Com., 137 Ky. 270, 125 S. W. 700.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.