## Smith v. Commonwealth.

(Decided December 2, 1930.)

WAUGH & HOWERTON and C. H. BRUCE for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case. The former opinion is reported in 232 Ky. 52, 22 S. W. (2d) 418. The

facts are sufficiently well stated there. On the second trial there was a conviction, and the punishment of appellant was fixed at eight years in the penitentiary.

The first complaint made by appellant is about the admission of evidence. The objections to the evidence in some instances were timely, although the court overruled them, but the evidence was of a trivial nature and not such as to justify the reversal of the judgment because of the slight errors in overruling the objections. For instance the commonwealth, over the objections of appellant, proved by the widow of the man who was killed that the family consisted of a certain number of children, giving their ages. Of course the number of children in the family had nothing to do with the guilt or innocence of the appellant. The fact to be ascertained by the jury was whether appellant killed his antagonist in the manner charged in the indictment, and whether the man who was killed was the father of a family or not was not a subject under investigation, and the evidence should not have been admitted. But it would require a supertechnical conclusion to hold that an intelligent jury, and all juries are supposed to be intelligent, would be swept off of its feet and led to do an injustice because the evidence disclosed that the man who was killed left a family of children.

Another objection to the evidence which was overruled by the trial judge was to the conclusion of a witness that appellant shot at his wife with the intention of killing her. This witness in the answer to the question had detailed what took place, and as her concluding statement, she said that appellant shot at his wife with the intention of killing her. That was but a conclusion of the witness, and, although the objection was not so made as to require the court to sustain it, yet the court should have, on his own motion, excluded the opinion of the witness and admonished the jury. But are we to presume that a jury, who knew that the witness was only stating her opinion about it, was misled to such an extent in reaching a verdict as to justify a reversal of the judgment? The opinion of this witness could have had little, if any, effect at all on the jury. The members of the jury knew that she had stated her conclusion and they also knew that the jury must conclude as to the truth of the charges against appellant and not the witness. Appellant was not on trial for shooting at his wife. At most it was

only a part of the res gestæ. We cannot hold that the slight error was prejudicial.

Another complaint about the evidence is that a witness in answer to the question as to whether appellant shot the man who was slain expressed her answer by saying that she believed he did, and, in answer to the next question as to where the shot took effect, she stated that it struck him in the shoulder. There is complaint about the ruling of the court in failing to sustain an objection to this evidence. It was not prejudicial.

The wife of appellant was present and probably the storm center of the difficulty in which her father lost his life at the hands of her husband. Before the last trial she obtained a divorce from her husband and was offered as a witness. She was allowed to testify to what she saw and heard at the time her father was killed. It is urged by appellant that section 606 of the Civil Code of Practice, which contains an inhibition against the testimony of the wife concerning any communication between her and her husband during the marriage made it improper for the wife to testify after the divorce was granted her. The case of Commonwealth v. Sapp, 90 Ky. 580, 14 S. W. 834, 12 Ky. Law Rep. 484, 29 Am. St. Rep. 405, is chiefly relied on as supporting the contention of appellant. That case does not decide that a divorced wife may not testify against her former husband in such cases as this. The case of West v. Com., 194 Ky. 536, 240 S. W. 52, is also relied on. It was held in that case that the provisions of subsecction 1 of 606 of the Civil Code of Practice applies to criminal actions as well as civil actions. The court reached the conclusion in that case that a wife who has been divorced from her husband is a competent witness against him concerning things that occurred since the divorce, and anything that transpired theretofore, if the knowledge of that which transpired was not acquired by her through the marital relations. The divorced wife of appellant certainly did not acquire the knowledge of the acts of the time of the killing because of her marital relations. The case of Victor v. Com., 221 Ky. 350, 298 S. W. 936, was a prosecution against the husband growing out of acts committed by him when an assault was committed on his wife by another person. She testified against him, and her testimony was to the effect that he held her while the other man committed the offense. The court held that the evidence was competent.

Another alleged error is that, after appellant had produced evidence as to his good reputation for peace and morality, the court limited the effect of the evidence to whether it tended to show that appellant believed, and had reasonable grounds to believe, that he was then and there in danger of death or some great bodily harm at the time he shot and killed Mr. Caudill, his wife's father. We are not entirely certain what the court had in mind at the time he thus limited the evidence, but, as the appellant had no defense other than self-defense, the evidence could have related to no point other than that which the court mentioned in his admonition, and his admonition was therefore not improper.

The two instructions complained about most seriously are long, and there may be some phrases which could have been omitted with good effect, but, upon a careful consideration of the instructions, we have reached the conclusion that the jury was informed in language sufficiently clear of the issues involved. The trial court did his best to follow the case cited in the formed opinion, where it was said that a proper instruction was given, but the instruction given in that case could not be made to fit this case without giving an additional instruction, and we do not find any prejudicial error in the instructions given.

A juror, on his examination prior to his acceptance, stated that he had no opinion as to the guilt or innocence of appellant, and that he knew nothing of the case except what he had read in the newspapers. After the jury had been accepted and the trial had proceeded for some time, counsel for appellant learned that one juror had been called on the former trial, and peremptorily excused by appellant on that trial, and that the juror had heard a part of the evidence on the former trial. After the last trial was concluded this matter was presented by affidavits to the court in support of the motion for a new trial. When counsel for appellant learned the facts they had to take some step then, and the could not take a chance on a favorable verdict, and, if it turned out unfavorable, raise the question. It was the duty of counsel for appellant when these facts were made known to them to forthwith present a motion to the court for the discharge of the panel. Having failed to do this, it was too late for the question to be raised after the trial was over.

Judgment affirmed.