## Perkins v. Commonwealth.

(Decided April 21, 1936.)

WILLIAMS & DENNEY, for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant was indicted and convicted in the Rockcastle circuit court on the charge of seduction and sentenced to one year in the penitentiary. He appeals.

A reversal of the judgment is asked (1) because of the admission of certain evidence for the commonwealth, and (2) that the evidence is insufficient to support the verdict.

Appellant was a resident of Larue county, Kentucky, and in September, 1933, he visited his brother, Charles Perkins, who at that time was a resident of Mt. Vernon, Ky., and a teacher in the local high school. On the afternoon of appellant's arrival at Mt. Vernon, he visited his brother at the school and there was introduced to Sarah Noe, a sister of the prosecutrix,

Mary Elizabeth Noe. He made an engagement with Sarah Noe to see her on that evening at her home, and he drove his brother's car out to the Noe home about one mile out of Mt. Vernon, where he met Mary Elizabeth Noe. He and the two girls drove out several miles from Mt. Vernon and back on that evening, and he made an engagement with the prosecutrix to see her on the next night, when he again went to the Noe home in his brother's car and brought the two girls to Mt. Vernon, and there Sarah Noe left them, and defendant and the prosecutrix went driving alone on that night.

According to the evidence of the prosecutrix, on that night, which was the first time they were out alone, defendant told her that he loved her and asked her if she loved him and she told him she did, and he asked her to marry him and she accepted his proposal. He again made an engagement on that night to see her on the following night, and they again drove out on the road, and while the car was parked in a secluded place he had sexual intercourse with her, and that she yielded to him because of his promise to marry her.

Defendant admitted having unlawful intercourse with the prosecutrix, but denied that he promised to marry her or that marriage was discussed between them at all. He contradicted her testimony in other respects, but since the case must be reversed on evidence other than that of the prosecutrix, it becomes unnecessary to give a detailed statement of the evidence of defendant and prosecutrix. It is sufficient to say that their evidence presented a conflict, especially as to the promise of marriage, which was a question for the jury.

The incompetent evidence complained of is that Mrs. Jarvis Noe, mother of the prosecutrix, testified that defendant visited their home at Mt. Vernon in January, 1934, and also in the late summer and early fall of that year, and while there he told her that he had promised to marry her daughter, the prosecutrix; but she did not state that he said that such promise was made previous to the alleged act of seduction.

This precise question was before this court in the case of Dalton v. Com. 226 Ky. 127, 10 S. W. (2d) 609. The father of the prosecutrix in that case was permit-

ted to testify that Dalton told him that he was going to see a friend and get some money and was going to town and get the license and marry the prosecutrix; that he promised to marry her and was going to stand by his word. But he did not state that Dalton said he made such promise before the alleged act of seduction. It appears, however, that the father was permitted to testify as above indicated after defendant had closed his evidence in the case and the admission of the father's evidence was criticized as being testimony in chief and that the court erred in permitting it on that ground. But it was further pointed out in the opinion that aside from that reason and waiving that question, the evidence was incompetent because the father did not state that defendant said he promised to marry the prosecutrix before the alleged seduction, and the judgment of the lower court was reversed on that ground, rather than because of the abuse of discretion on the part of the trial court, in permitting such testimony in chief after defendant had closed his case. We think the case supra is conclusive of the present case and the judgment must be reversed for the reasons indicated.

Other evidence complained of is that prosecutrix was permitted to read to the jury certain letters she had received from appellant some time after the alleged act of seduction, which was in September, 1933. The indictment was not procured until April, 1935, approximately eighteen months after the commission of the alleged offense. Defendant's counsel asked her why she waited that length of time before procuring the indictment, and she said that appellant had been "putting me off," and she was permitted to read the letters to the jury, ostensibly for the purpose of showing her reasons for deferring the prosecution. The letters indicated that appellant had been promising to go to see her from time to time, which he failed to do, and would explain in following letters why he did not keep his promise. The letters indicated that the parties were engaged to be married but did not indicate that such engagement or promise was made before the alleged seduction. The letters were competent to show her reasons for deferring the prosecution. It is a well-known rule that if part of a writing is competent and other parts incompetent, the objections must be ad-

dressed to the incompetent part only and not to the writing as a whole. Counsel objected to the introduction of the letters as a whole, not to be the incompetent parts only. In these circumstances the court properly overruled the objections to the introduction of the letters. Hoskins v. Com. 188 Ky. 80, 221 S. W. 230. However, if these letters should be introduced on another trial of the case, if one is had, their competency should be limited to the purpose above indicated. The court should admonish the jury, in substance, not to consider the letters as evidence in the case for any purpose other than to show why prosecutrix deferred the prosecution, if they do so show.

For reasons indicated the judgment is reversed and remanded for proceedings consistent with this opinion.

The whole court sitting.