**Lloyd COLLIER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1960.

Joe P. Tackett, Edmond H. Tackett, Tackett & Tackett, Prestonsburg, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant was convicted of the crime of rape, and was sentenced to prison for a term of ten years. KRS 435.090. As grounds for reversal it is urged that the court erred: (1) In permitting incompetent and prejudicial rebuttal testimony to be introduced by the Commonwealth; (2) in allowing the Commonwealth to impeach its rebuttal witness; (3) in overruling appellant's motion for continuance; (4) in making certain remarks to the jury.

In determining whether the rebuttal testimony introduced in behalf of the Commonwealth was inadmissible and prejudicial, it is necessary to consider the circumstances under which it was presented. The only direct testimony of appellant's guilt was that of the alleged victim who testified unequivocally that appellant forcibly had sexual intercourse with her. However, appellant testified that the prosecutrix consented to the act of sexual intercourse

and that it was the result of a prearranged date they had made for that purpose.

After appellant and the witnesses introduced in his behalf had testified, and after appellant had closed his side of the case, the Commonwealth's attorney was permitted to introduce appellant as a rebuttal witness and to interrogate him over his objections. As a rebuttal witness, appellant was asked if he had threatened the prosecutrix and had told her that if she didn't have the case thrown out of court he would kill her. Appellant denied making the threat. Over the objections of appellant, the Commonwealth's attorney was allowed to ask the prosecutrix the same question, i. e., did the appellant threaten to kill her if she didn't have the case thrown out of court. She replied that appellant made the threat and that her sister was present when the threat was made. Her testimony in this respect was corroborated by the testimony of her sister.

■ Upon the trial of a criminal prosecution any conduct of the accused inconsistent with his innocence is admissible in evidence. For example, any attempt by the accused, whether by persuasion, bribery, or threat, to induce a witness not to appear at the trial or to swear falsely, or to interfere with the processes of the court, is evidence tending to show guilt. Davis v. Commonwealth, 204 Ky. 601, 265 S.W. 10; Wilhite v. Commonwealth, 203 Ky. 543, 262 S.W. 949; Turpin v. Commonwealth, 140 Ky. 294, 130 S.W. 1086, 30 L.R.A., N.S., 794. The question remains, however, whether the Commonwealth should be permitted to withhold substantive evidence until near the close of the trial and then introduce it in the guise of rebuttal evidence.

With respect to rebutting evidence, Section 224 of our Criminal Code of Practice provides that:

"The parties may then respectively offer rebutting evidence only, unless the court, for good reason in furtherance of justice, permit them to offer evidence upon their original case."

■ We have held that this section of the Code is merely directory. Burden v. Commonwealth, 296 Ky. 553, 178 S.W.2d 1; Fox v. Commonwealth, 248 Ky. 466, 58 S.W.2d 608. Ordinarily the admission of testimony in rebuttal, which properly should be introduced in chief, is a matter within the sound discretion of the trial court. However, in Lucas v. Commonwealth, 302 Ky. 512, 195 S.W.2d 90, we said that the Commonwealth should not be permitted to take undue advantage of the accused and withhold important evidence to be introduced under the guise of rebuttal evidence. Such procedure gives the Commonwealth an unwarranted privilege of introducing vital evidence during the latter stages of the trial. Collins v. Commonwealth, 227 Ky. 349, 13 S.W.2d 263; Robinson v. Commonwealth, 178 Ky. 557, 199 S.W. 28.

■ The testimony presented in rebuttal by the Commonwealth in the instant case was not introduced for the purpose of affecting appellant's credibility as a witness, but was substantive in character and tended to establish guilt. The introduction of this evidence in rebuttal was, under the circumstances of this case, prejudicial to appellant's obtaining a fair trial.

We have considered the other grounds relied on for reversal, and we find that they are without substantial merit.

The judgment is reversed, with directions to set it aside and to grant appellant a new trial.