,CASE 25—PETITION FOR WRIT OF PROHIBITION—NOVEMBER 14.

## Hancock v. Parker.

ORIGINAL PROCEEDING IN THE COURT OF APPEALS.

1. CRIMINAL LAW—WITNESS FOR DEFENDANT CONFINED IN PENITENTIARY—POWER OF COURT TO COMPEL ATTENDANCE OF.—Where one is charged with a felony, and a material witness for him is confined in the penitentiary and not disqualified from testifying, the defendant is entitled, under the Bill of Rights, to compulsory process to compel his attendance, and the court has the power to order the warden of the penitentiary where he is confined to produce the witness in court. Such a defendant is not bound to waive his right to have his witnesses in court, and take their depositions.

2. EXPENSES OF CONVEYING WITNESS.—It is the duty of the court to make an allowance for the expenses of removing and conveying such a witness, and make the same payable out of the State treasury, which it is authorized to do under the provisions of section .361 of the Kentucky Statutes.

W. S. TAYLOR FOR PETITIONER.

1. There is no statutory provision which authorizes any one to take
a prisoner confined in the penitentiary out and take him to an-
other county to testify in any case. Where they are confined in
the county where their testimony is desired the court may have
them brought into court, but in all other cases their testimony
must be taken by deposition.    (Sec. 151, Crim. Code; sec. 540,.
Civil Code.)

2. One confined in the penitentiary is certainly "physically" unable
to attend for examination in court,    and the provisions of sec-
tion 153 of the Criminal Code with reference to taking the deposi-
tion of such a witness seems to be the only way provided for
taking the testimony of one so confined.

3. But if the court had the authority to issue the writ at all, it could
be enforced only upon condition that the warden be paid or ten-
dered the reasonable expenses of producing the prisoner.

SAMUEL M. WILSON FOR RESPONDENT.

1. Under the provision of the Bill of Rights, which guarantees to the
accused in all criminal prosecutions "the right  *  *  * to have
compulsory process for obtaining witnesses in his favor," a pris-
oner confined in a State penitentiary under conviction of felony,
who is not disqualified from testifying, may under the order of a.
court be brought into court to testify for a defendant who is
charged with a felony.    There are no implied exceptions to the Bill
of Rights.    (Com. v. Jones, 10 Bush, 746; 1 Burr trial, 158, 159;
Willard v. Sup. Ct., 82 Cal., 468; State v. Berkeley, 92 Mo., 41 (4 S.
W. Rep., 24); Cooley's Const. Lim., 46; 1 Story on Const., sec. 400;
3 Cooley's Black. Com., 373; Starkie on Evidence, 9 Ed., pp. 727,
728 and 766; 2 Story's Const., 4 Ed., sec. 1943.)

2. The provision of section 151 of the Criminal Code adopting the pro-
visions of the Civil Code as to summoning and coercing the at-
tendance of witnesses, does not mean to compel a defendant in a
criminal prosecution to take the deposition of all witnesses except
those who may be required to be produced for oral examination
under section 540 of the Civil Code.    Section 153 of the Criminal
Code is the sole provision under our criminal procedure for taking
depositions.    (Kaelin v. Com., 84 Ky., 367.)

3. Under the common law the court had the authority to issue this
writ of *habeas corpus ad testificandum;* while the accused was not

entitled to the writ as an absolute right, it was in the discretion of the court whether it should be issued; and in this case it saw proper to do so, and the petitioner will not be heard to challenge the court's authority.

4. The writ of *habeas corpus ad testificandum* is a "legal writ," within the meaning of section 425 of our Criminal Code, and the circuit court had the authority to issue it to secure the attendance of a convict as a witness.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT:

This is an application to this court by petition of R. A. Hancock, the warden of the penitentiary at Frankfort, as plaintiff, against Watts Parker, the judge of the Fayette Circuit Court, as defendant, praying that the defendant may be prohibited, by the proper writ, from proceeding by rule against the plaintiff for contempt, in refusing to comply with an order made by defendant as judge, requiring the plaintiff to produce in said court a prisoner, who is confined in the said penitentiary for felony, to testify as a witness in behalf of one Ed. Warfield, who has been indicted for the crime of rape.

The material question, upon which authority to issue the writ applied for depends, is whether the defendant, as judge of the Fayette Circuit Court, had the jurisdiction or power to require the plaintiff, as warden of the penitentiary, to produce the prisoner in his court to testify, and that question we will proceed to consider.

It appears that the prisoner who is wanted as a witness, John Gatlin, was tried and convicted in the Fayette Circuit Court, at the April term, 1896, upon an indictment charging him with the crime of obtaining money under false pretenses, and that he was sentenced

to solitary confinement and hard labor in the said penitentiary for a period of two years, and that he was received there on the 16th day of May, 1896.

It further appears that on the 16th day of September, 1896, the order referred to was made in the Fayette Circuit Court, directing the plaintiff to produce said Gatlin in court on the 19th day of September, 1896, to testify in behalf of said Warfield in the prosecution against him, and that said order was issued because it was made to appear, to the satisfaction of the court, that the said Gatlin was a material witness for the defense.    The plaintiff refused to obey the order because he believed in good faith that the court had no jurisdiction in the premises, and because the commissioners of the sinking fund refused to permit the prisoner to be taken out of the penitentiary for that purpose.

Gatlin was not disqualified from testifying in the case by reason of his having been convicted of the crime of obtaining money under false pretenses, or by reason of his being confined in the penitentiary under sentence for said crime. Commonwealth v. McGuire, 84 Ky., 57; Commonwealth v. Minor, 89 Ky., 555.

Under section 11 of the Bill of Rights Warfield, who is the subject of a criminal prosecution, has the right not only "to meet the witnesses face to face," but also "to have *compulsory process for obtaining* witnesses in his favor."    This right, guaranteed to him by the Bill of Rights, can not be denied to him.    Chief Justice Marshall in 1 Burr Trial, 158-9; Commonwealth v. Jones, 10 Bush, 746.

He is entitled to have his own witnesses in court, if they can be reached by the compulsory process of the law, and to coerce their attendance whenever they may reside in the State, and, in order to do this, it is not required that he shall tender to his witnesses any compensation for expenses before resorting to process to compel them to attend.    Criminal Code, section 151.

He is not bound to waive this right by taking the depositions of his witnesses, and the condition and circumstances of this witness are not such as to allow him to take his deposition, if he wished so to do.    Criminal Code, section 153; Kaelin v. Commonwealth, 84 Ky., 355.

In addition to this ample authority for requiring the production of this witness, confined in execution of his sentence in the penitentiary, it is provided by section 425 of the Criminal Code, that, in any proper state of case, for the removal from prison of persons convicted for any criminal offense "by writ of *habeas corpus* or *some other legal writ.*"

It is contended, however, by counsel for the plaintiff that the order in this case ought not to have been made because there is no provision in law for paying the expenses incident to the production of this witness in the Fayette Circuit Court.    If this were true,it would not affect the rights of the accused to have compulsory process to secure the attendance of the witness.

The Commonwealth has the custody and control of this witness, and the accused cannot reach him except by compulsory process, to which he is entitled under the

Bill of Rights. If there is no provision in the law for paying the expenses in such emergency it should be made by the Legislature, and the want of it is by reason of no fault of the accused; but we hold that it is the duty of the court to ascertain and make allowance for the expenses of such removal and conveyance of this witness, such as are embraced by section 361 of the Kentucky Statutes, and that the same are payable out of the State treasury under the said section.

For the reasons given it is the opinion of the court that the plaintiff should comply with the order and produce the witness in court to testify, and compliance with the order will be in discharge of the rule of contempt. The application for the writ of prohibition is, therefore, denied and the petition dismissed.