## Hayden v. Commonwealth.

(Decided November 16, 1910.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Witnesses—Credibility—Impeachment.—A witness may be impeached by showing (1) that he has made statements different from his present testimony; (2) by contradictory evidence, and (3) by evidence that his general reputation for untruthfulness and immorality renders him unworthy of belief, but not by evidence of any particular wrongful acts, except it may be shown by examination of a witness, or record of a judgment that he has been convicted of a felony.

2. Same—So, too, under the general rule relating to cross-examination of a witness, he may be asked any question which tends (1) to test his accuracy, veracity or credibility, and (2) to shake his credibility by injuring his character. But when a witness is asked whether he has been previously convicted of any felony,

or denies, or does not admit it, or refuses to answer, evidence may be given contradicting him, except in the following cases: (1) If the witness is asked whether he has been previously convicted of any felony and denies or does not admit it or refuses to answer, evidence may be given of his previous conviction thereof; (2) If a witness is asked any question tending to show that he is not impartial, and answers it by denying the facts so suggested, he may be contradicted.

3. Same.—In other words, when it is sought to impeach a witness by contradictory evidence, the inquiry must relate to a fact that is otherwise relevant and admissible, except in the two instances referred to above. If the inquiry relates to a collateral fact, the answer of the witness is conclusive. He cannot be examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence and discrediting his testimony in case he denies the fact.

4. Same.—In a separate trial of one of several persons charged with murder, evidence of statements made by the others while in custody and in the presence of defendant, to which he made no response, was not admissible as to the defendant's guilt.

5. Same—Procuring Testimony to Convict.—Ample provision has been made for securing the testimony of one confined in the penitentiary. The accused may either take the deposition of the witness (Kaelin v. Com., 84 Ky. 354), or upon proper showing, he may obtain an order of court compelling the personal attendance of the witness at the expense of the Commonwealth (Hancock v. Parker, 100 Ky. 143.)

D. J. BONNER for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, James Hayden, was jointly indicted with Georgia Belle Smith ,charged with the crime of grand larceny. He was tried by a jury in the Jefferson circuit court and found guilty, his punishment being fixed at confinement in the penitentiary for a period of two years. From the judgment of conviction he appeals.

Appellant asked for, and was given, a separate trial. Georgia Belle Smith was first tried and convicted. Upon the trial of appellant the evidence for the Commonwealth was to the effect that Mrs. Sallie Krebs and Morris Seifer, who boarded with her at her home on Preston street, lost several articles of wearing apparel. Appellant disposed of these articles, with the exception

of a vest which he had on when arrested and a corset cover which Georgia Belle Smith wore when arrested, to a second-hand dealer named Moxan, for the sum of $5. He and the Smith woman lived in adjoining rooms. When arrested they were making their plans to leave Louisville for the purpose of going to Danville, Kentucky. There was some evidence tending to show that the goods stolen were worth more than $20. Appellant, who is a barber, testified that the Smith woman brought the articles in question to his barber shop and told him that they had been given to her. She asked him to dispose of them for her and gave him the vest for his services. He did dispose of them, believing at the time that they belonged to the Smith woman. He did not take or assist in taking the articles from the Krebs house. Upon cross-examination by the Commonwealth's attorney, appellant was asked the question, if he did not hear Georgia Smith in the presence of the officers say she threw the things out of the window and that he was there to grab them for her, and that he did not deny it. Appellant answered, "No, sir." Upon the conclusion of the evidence for the defendant, Officer Sullivan was called in rebuttal. Upon the question at issue the record shows the following questions and answers:

"Q. I want to ask you if you were present at the time this woman stated in this man's presence she threw the goods out of the window to him?"

"Objected to; objection overruled; to which ruling the defendant excepted at the time, and still excepts."

"A. She threw them out of the window and he carried them out."

"Q. Did he deny the truth of that statement out there?"

"A. He denied it, he denied where they were at."

"Q. He denied knowing where they were?"

"A. From her information we recovered the goods."

After other testimony, to which it is not necessary to refer, the court admonished the jury as follows: "The testimony the officer has just given upon rebuttal will be considered by you only for the purpose of affecting the credibility of the defendant, if in your opinion it does affect his credibility."

Besides other ways not necessary to be considered now, a witness may be impeached by showing (1) that he has made statements different from his present testi-

mony, (2) by contradictory evidence, and (3) by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts except that it may be shown by examination of a witness or record of a judgment that he has been convicted of felony. (Civil Code, section 597.) So, too, under the general rule relating to cross-examination of a witness, he may be asked any question which tends (1) to test his accuracy, veracity or credibility, and (2) to shake his credibility by injuring his character. But when a witness, under cross-examination, has been asked, and has answered, any question which is relevant to the inquiry, only in so far as it tends to shake his credibility by injuring his character, no evidence can be given contradicting him except in the following cases: (1) If the witness is asked whether he has been previously convicted of any felony and denies or does not admit it, or refuses to answer, evidence may be given of his previous conviction thereof; (2) if a witness is asked any question tending to show that he is not impartial and answers it by denying the facts so suggested, he may be contradicted. (Greenleaf on Evidence, section 461; Stephens' Digest of the Law of Evidence, article 130, page 227; Meaux v. Meaux, 81 Ky. 475; Commonwealth v. Welsh, 111 Ky. 350.) In other words, where it is sought to impeach a witness by contradictory evidence, the inquiry must relate to a fact that is otherwise relevant and admissible except in the two instances referred to above. If the inquiry relates to a collateral fact, the answer of the witness is conclusive. He can not be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence and discrediting his testimony in case he denies the fact. (Kennedy v. Commonwealth, 14 Bush 340; Cornelius v. Commonwealth, 15 B. Mon. 539; Crittenden v. Commonwealth, 82 Ky. 164.)

Bearing the foregoing principles in mind, let us examine the question before us. Appellant did not make the statement in the presence of the policeman; therefore, it does not come under the head of a statement different from the testimony given on the stand. If admissible at all, it must come under the head of (2) contradictory evidence. Is the fact that Georgia Smith, while she and appellant were in the custody of the officers, made the statement to the police in appellant's

presence and he failed to deny it, admissible in evidence against him? This precise question was before this court in the case of Meriwether v. Commonwealth, 118 Ky. 870. There the whole question in all of its phases was fully considered, and the court announced the rule that in a separate trial of one of several persons charged with murder, evidence of statements made by the others while in custody, and in the presence of the defendant, to which he made no response, was not admissible as to the defendant's guilt. For the same reason the evidence in this case was not admissible. That being true, it did not become material or relevant by force of any purpose on the part of the Commonwealth's attorney to make use of it to discredit the witness by contradicting his answer. (Seaby v. Dearborn, 19 N. H. 355.) The effect of the evidence was very prejudicial. Up to the time it was introduced the jury may have been satisfied with appellant's explanation of how he came in possession of the goods, but when it was made to appear that the Smith woman had said in his presence that she had handed the goods to him out of the window and he had not denied it, it is not unlikely that the case was made to turn on this evidence, and that in the minds of the jury it was sufficient to justify a verdict of guilt.

The court did not err in refusing to permit the evidence given on her trial by Georgia Belle Smith, who was then confined in the penitentiary, to be read in behalf of appellant from the stenographer's transcript. Ample provision has been made for securing the testimony of one confined in the penitentiary. The accused may either take the deposition of the witness (Kaelin v. Commonwealth, 84 Ky. 354), or upon proper showing he may obtain an order of court compelling the personal attendance of the witness at the expense of the Commonwealth (Hancock v. Parker, 100 Ky. 143).

Judgment reversed and cause remanded for a new trial consistent with this opinion.