## Wedding v. Commonwealth.

(Decided January 26, 1926.)

### Appeal from Daviess Circuit Court.

1. Larceny—Evidence in Chicken Theft Prosecution Held Sufficient to go to Jury.—Evidence in prosecution for chicken stealing held sufficient to take case to jury.

2. Witnesses—Accused May Obtain Order Compelling Appearance of Witness Confined in Penitentiary at Expense of Commonwealth.—Attendance of witness in criminal prosecution residing in any part of state may be coerced, and, even though witness is confined in penitentiary, accused may obtain order of court compelling his personal appearance at expense of Commonwealth.

3. Witnesses—Defendant Held Entitled to Order Directing Production of Material Witness Who was a Federal Prisoner in Local Jail.—In view of Rev. Stats. U. S., section 5539 (U. S. Comp. Stats., section 10523), held that, under Constitution, section 11, accused was entitled to order directing jailer of local jail to pro-duce material witness, though such witness was confined under sentence of federal court.

W. W. KIRTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Ed Wedding was convicted of chicken stealing, and his first insistence is that his motion for a peremptory should have been sustained. According to the evidence for the Commonwealth an automobile containing a lot of chickens was found wrecked on the road about eight miles from Owensboro. The chickens were identified as belonging to W. T. Grant. The car was one which had been sold to appellant, though he stated at the time that he was buying it for his brother Hillary. On the next

morning appellant left his home and went to Henderson, where he was subsequently arrested. On the other hand, appellant claimed that his wife was sick on the night of the fourth, and that he remained at home practically all night. His *alibi* for a portion of the time was sustained by other evidence. Appellant also denied all knowledge of the crime, claimed that he had purchased the car for his brother, and had never used it himself. If there had been no other evidence than the finding of the stolen chickens in the automobile, coupled with its purchase by appellant and his claim that he was buying it for his brother Hillary, there might be some merit in the contention that a peremptory should have gone, but when this evidence is coupled with the fact that appellant, though claiming that his wife was ill, left his home the morning after the chickens were stolen and remained away until he was arrested, we are constrained to the view that the evidence of appellant's guilt was sufficient to take the case to the jury.

The contention that the court erred in refusing to compel the attendance of a material witness presents a more serious question. It appears that the witness had been convicted of a misdemeanor in the federal court and had been sentenced to the Daviess county jail. Prior to the trial a summons was placed in the hands of the sheriff but was not served. On the day of the trial appellant learned of the confinement of the witness on a federal charge in the local jail. Thereupon, he applied to the court for an order commanding the jailer to produce the witness. The court declined to issue the process on the ground that the witness was beyond his jurisdiction. Section 11 of our Constitution guarantees to the accused in all criminal prosecutions the right "to meet the witnesses face to face and to have compulsory process for obtaining witnesses in his favor," and appellant was entitled to such process unless, as claimed, the witness was beyond the jurisdiction of the court. Though it may be true that with respect to federal prisoners the state jail may be deemed to be the jail of the United States, and the jailer the jailer of the United States, Randolph v. Donaldson, 13 U. S. (9 Cranch) 86, 3 L. Ed. 662, it must not be overlooked that the federal statute expressly provides not only that federal prisoners so confined shall in all respects be subject to the same discipline and treatment as convicts sentenced by the courts of the state or territory in which such jail or penitentiary is situated, but that

during their confinement they shall be exclusively under the control of the officers having charge of the same *under the laws of such state or territory.* R. S. section 5539, U. S. Comp. St. 1916, section 10523. It has long been the law of this state that the attendance of witnesses in criminal prosecutions residing in any part of the state may be coerced, and even where the witness is confined in the penitentiary the accused may obtain an order of court compelling his personal appearance at the expense of the Commonwealth. Hancock v. Parker, 100 Ky. 143, 37 S. W. 594; Hayden v. Commonwealth, 140 Ky. 634, 131 S. W. 521. Here, the witness was in the jail of the county where appellant was being tried, and in the exclusive control of the jailer. As the prisoner would still be in the immediate presence and in the practical custody of the jailer, an order requiring the jailer to attend court and produce the witness could not seriously interfere with the custody of the prisoner, and, though the final determination of the question may rest with the United States Supreme Court, we are inclined to the opinion that that court will not adopt a view that will make the local jail a sanctuary for federal prisoners, and thereby put it beyond the power of the state courts to enforce the criminal laws because of their inability to comply with the constitutional provision giving the accused the right to meet the witnesses for the Commonwealth face to face and to have compulsory process for the attendance of his own witnesses. We, therefore, hold that the accused was entitled to an order directing the jailer to produce the witness at the trial, and that the refusal to issue the process was prejudicial error.

Other grounds are urged for reversal, but we do not deem them of sufficient importance to require discussion.

Judgment reversed and cause remanded for a new trial consistent with this opinion.