## Campbell v. Commonwealth.

(Decided May 30, 1930.)

NAPIER & EBLEN for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The appellant, Andy Campbell, and his codefendant, Calla Smith, were jointly indicted in the Breathitt circuit court charged with murdering Jesse Lovens. When the case was called, a severance of the trial was granted; the commonwealth electing to try Andy Campbell first. On the trial he was found guilty by a jury, and his punishment fixed at confinement for life in the state penitentiary. A judgment was entered in accordance with the verdict of the jury. His motion and grounds for a new trial having been overruled, he prosecutes this appeal. A number of errors were complained of in the motion and grounds for a new trial. However, there are only two errors insisted on by appellant at this time:

(1) It is complained that the court erred to the prejudice of the substantial rights of appellant, Andy Campbell, in permitting the commonwealth, on cross-examination, to lay the foundation to impeach and contradict the witness Mrs. Frankie Richey.

(2) It is complained that the court erred in failing to give the whole law of the case, in that he failed to instruct the jury as to the necessity for corroboration of the evidence of an accomplice testifying as a witness.

The evidence in this case shows that the appellant had been drinking to excess. The killing took place near the Perry and Breathitt county line in the mountains of Kentucky, about 45 feet on the Breathitt county side of the line. It is proven that appellant and Calla Smith

554

said just after the killing that they had taken two pistols from the deceased, and they also informed the neighbors about the trouble. These neighbors went to the place indicated and found the body of Lovens. The deceased was shot near one of his ears, the ball ranging up and coming out on the opposite side of the head. He was also shot in the body. In addition to this, he had been struck across the top of the head a very severe blow, and had received some deep severe cuts on the face. There was a small money purse lying near the body which contained a five-cent piece, a few pennies, and some other small articles, but no other money. It was shown by the proof that, just a short time previous to the killing, decedent had a similar pocketbook in which he had considerable paper money. It is proven by several witnesses in the case that appellant was drunk after the killing and told in detail how it had taken place. It is not necessary to discuss in detail the manner of this killing, as the manner in which decedent was killed is not pertinent to this opinion. The defendant, Andy Campbell, himself testified and gave in detail his version of the killing. He also introduced in his behalf his codefendant, Calla Smith, who testified. Mrs. Frankie Richey, the grandmother of appellant, was introduced by appellant, and on cross-examination was asked the following questions:

"Q. Didn't you in the presence of your daughter in law, Mrs. Napier tell Calla Smith and Andy Campbell that the thing for them to do was to go back there and put that pistol in Jesse Lovens' hands before anybody got to him? (Defendant objects, objection overruled, defendant excepts.) A. No, sir not at all.

"Q. Did you say anything like that or that in substance? No, sir."

After the foregoing questions and answers, Rachel Napier was introduced as a witness for the Commonwealth in rebutttal, and was asked and answered as follows:

"Q. Do you know Mrs. Frankie Richey? A. Yes, sir, I know her.

"Q. Is she your mother in law? A. Yes, sir.

"Q. On the night that Andy Campbell the defendant and Calla Smith were at your home and before Silas Holliday and Sam Campbell, the father of the defendant Campbell started to the place where

Lovens was killed I will ask you if you heard Mrs. Frankie Richey state to the boys, Campbell and Smith, defendants, that they ought to go and take those pistols back upon the hill where Lovens was and put the pistol in his hand before anybody got there? Did you hear her say that? (Defendant objects, objection overruled, defendant excepts.) A. Yes, sir, I heard it said.''

A motion was then made to exclude from the consideration of the jury the above questions and answers. The court overruled the motion, to which the defendant excepts. The court then admonished the jury: ''The jury will only consider this for the purpose of contradicting Mrs. Frankie Richey, and for no other purpose, and the jury will be the judge as to whether it does contradict her or not.''

Mrs. Richey was again recalled by the commonwealth's attorney and asked the following questions:

''Q. Did you say to Silas Holiday when you were talking to him out there on the porch there, before he went up there to look at the place where Lovens was that the boys ought to take those pistols back there and put them in his hand? (Defendant objects, objection overruled, defendant excepts.) A. This lady here?

''Q. I am asking you if you said that to Silas Holiday? A. No, sir, I was talking about another thing.

''Q. I will ask you if you said that to Silas Holliday? A. No, sir, I didn't say it.''

Silas Holiday was then recalled and was asked:

''Q. I will ask you if on the night that Jesse Lovens was said to have been killed, at the home of Bill Napier, and on his porch and before you went to the place where Lovens was killed if Frankie Richey said to you that the boys, Campbell and Smith the defendants ought to take the pistols and put them up there on the hill by Lovens before any one went up there to see about him? (Defendant objects, objections overruled, defendant excepts.) A. Yes, sir.''

Counsel for defendant then moved the court to withdraw from the jury the consideration of the above question and answer and admonish the jury not to consider same for any purpose; the court overruled defendant's motion to which the defendant excepted. The court then admonished the jury: "The jury will not consider the testimony as substantive evidence on the trial of this case, you will not consider it for any purpose other than for the purpose of contradicting the witness, Frankie Richey and the jury will be the judge as to whether it does contradict her or not."

The foregoing evidence is complained of by appellant as being incompetent on the idea that it is collateral. The witness Frankie Richey is the grandmother of appellant, Campbell. The question being investigated was whether or not appellant, Campbell, is guilty of murdering Lovens. In the case of Hayden v. Commonwealth, 140 Ky. 634, 131 S. W. 521, 522, this court says: "If a witness is asked any question tending to show that he is not impartial, and answers it by denying the fact so suggested, he may be contradicted."

Underhill on Criminal Evidence, sec. 390, says: "The bias of the witness and his interest in the event of the prosecution are not collateral, and may always be proved to enable the jury to estimate his credibility." In dealing with the same question in the case of Johnston v. Commonwealth, 170 Ky. 766, 186 S. W. 655, 657, this court said:

"Appellee had the right upon cross-examination to ask appellant questions tending to show that he was not an impartial witness as between deceased and Lonnie Johnston, and to contradict by other evidence his answers to such question (Hayden v. Commonwealth, 140 Ky. 636, 131 S. W. 521), and we think it was competent for this purpose to ask appellant whether or not he had made the alleged statement to Mrs. Stowe, and upon his denial to contradict him by her evidence. This evidence, however, was permissible only to affect his credibility as a witness, and the same necessity existed to admonish the jury of its purpose as to the testimony in reference to appellant's moral character."

In the case of Childers v. Commonwealth, 161 Ky. 440, 171 S. W. 149, 152 Mrs. Childers was on trial for murder, and the court permitted the commonwealth to

recall two witnesses who testified in rebuttal that, when the appellant told them she had shot the deceased, her mother, Mrs. Berry, who was present, said: "Hush, child! Keep still! You know you had to do it." In referring to that evidence this court said:

> "The evidence of the Stampers was, we think, competent in rebuttal for the purpose of contradicting Mrs. Berry, who was inquired of about this matter when she was testifying as a witness for the appellant, and the court properly admonished the jury, when the Stampers testified in rebuttal that their testimony should only be received by the jury for the purpose of contradicting Mrs. Berry and for no other purpose."

We are of opinion that the instant case cannot be distinguished from the Childers case.

A witness may be examined as to matters showing bias, hostility, or interest. Such evidence is not collateral, but material, as it reflects the interest and motives of the witness and thereby enables the jury to properly estimate the value of his testimony. Inasmuch as such evidence is material, the witness may be contradicted and the evidence allowed to go to the jury in so far as it might affect the credibility of the witness. Sparks v. Commonwealth, 193 Ky. 187, 235 S. W. 767; Howard v. Commonwealth (Ky.) 27 S. W. (2d) 410, decided April 25, 1930.

We are of opinion that it was competent for the commonwealth to ask Mrs. Richey the questions as above set out for the purpose of showing her bias and interest as a witness, and, when she denies having made these statements, it was not error to permit the commonwealth to contradict her by Mrs. Napier and Mr. Holliday and then admonish the jury as to the effect of this evidence, which was done. The evidence was competent, and the trial judge's ruling and admonishing of the jury limiting the effect of the evidence is in harmony with the law.

The next error complained of is that the court should have instructed the jury that it could not convict appellant on the evidence of an accomplice as provided in section 241, Criminal Code, which reads as follows:

> "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the

commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof.''

It appears that this section of the Code was intended as a protection to the defendant where material testimony against him is given by an accomplice. In the instant case, appellant's codefendant, Smith, was offered as a witness by appellant and testified for appellant; hence appellant cannot complain. No person that was in any sense an accomplice in this killing testified for the commonwealth. The only accomplice in the case testified for appellant. We are therefore of the opinion that this complaint is without merit. 16 C. J. p. 1000, sec. 2415; State v. Smith, 106 Iowa, 701, 77 N. W. 499; Josef v. State, 34 Tex. Cr. R. 446, 30 S. W. 1067.

From a careful examination of the entire record we find no error prejudicial to the substantial rights of appellant.

The judgment is therefore affirmed.