## May et al. v. Commonwealth.

Feb. 2, 1945.

C. F. See and M. J. See for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

The appellants, together with Ernest McKenzie and two other men, were jointly indicted for Grand Larceny. McKenzie pleaded guilty, the appellants were convicted and sentenced to two years in the penitentiary, and the cases of the other two defendants were continued.

Although they made confessions, both oral and written, of their guilt, and did not take the stand to deny it, appellants insist that they were entitled to directed verdicts of acquittal because their confessions were obtained in violation of KRS 422.110, known as the "Anti-Sweating" Act, and, in any event, did not warrant a conviction since they were not "accompanied with other proof that such an offense was committed", as required by Section 240, Criminal Code of Practice.

These contentions may be summarily disposed of as follows: (1) There was no proof whatever that KRS 422.110 was violated. On the contrary, it was established without contradiction that the confessions were voluntary. (2) The owner of the patch from which the thirty bushels of beans were taken testified that they were worth $2.50 per bushel, that the appellants wanted to compromise the case, and that Foster admitted that they had stolen them. In view of the confessions this was sufficient to establish the corpus delicti. Roberson's New Criminal Law and Procedure, Section 1780, page 1878. Moreover, McKenzie testified that he and appellants, and the two men indicted with them picked the beans and sold them. True, he was an accomplice, but, after he had testified for the Commonwealth, the appellants introduced him in their behalf, whereupon, although he admitted that prior to the trial he had stated that Foster and one of the other men indicted were innocent, he repeated his testimony showing their guilt. Under these circumstances it is doubtful whether it was necessary that his testimony be corroborated, although out of an abundance of precaution the Court instructed the jury as required by Section 241 Criminal Code of Practice that a conviction could not be had on the testimony of an accomplice unless corroborated by other evidence

342

tending to connect the defendant with the commission of the offense. See Campbell v. Commonwealth, 234 Ky. 552, 28 S. W. 2d 790. Assuming the instruction was necessary, its requirements were fully met. Clift v. Commonwealth, 268 Ky. 573, 105 S. W. 2d 557. Roberson's New Criminal Law and Procedure, Section 1782, page 1882 .

In view of the confessions, the testimony of McKenzie alone would have been sufficient to support the conviction, as would also the confessions without the testimony of McKenzie. Together, they so overwhelmingly establish appellants' guilt as to render wholly specious the argument of their counsel that they were entitled to directed verdicts and that the evidence was not sufficient to warrant their conviction.

Judgment affirmed.