### GOFF v. COMMONWEALTH.

Court of Appeals of Kentucky.

Jan. 18, 1952.

James W. Brown, Louisville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Frank Ropke, Louisville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment of conviction of armed robbery with a penalty of life imprisonment. KRS 433.140.

The brief of the appellant, Hughie Goff, does not conform to Rule 1.340 which requires a statement of the points relied upon for a reversal of a judgment and the authorities cited. The discursive character of the body of the brief has made it difficult to understand exactly the grounds. We waive the neglect, however, for with the assistance of the Attorney General we are able to conclude the grounds to be (1) inadmissibility of a confession because the accused was handcuffed when interrogated by the police and the confession made, and that he was refused the benefit of counsel during the interrogation; and (2) insufficiency of the evidence to corroborate an accomplice and error in the instruction in relation thereto.

About eleven o'clock on the night of September 29, 1950, Charles W. Gaye, who ran a saloon in Jefferson County, was shot and wounded by Frank Mann, who in turn was shot by Gaye as Mann was attempting to rob him. The Commonwealth proved that the defendant, Goff, had taken Mann to the place in his automobile after they had procured a Mauser pistol and bought a clip of bullets at a pawn shop. They had spent the afternoon roaming about the city drinking beer. Goff remained in the car with the motor running while Mann went inside. When the shots were fired, Goff drove away quickly. Some of Mann's clothing was found in the search of Goff's room. The defendant signed and swore to a complete confession of his participation in the crime, and Mann testified to it in greater detail. The men had become acquainted while they were prisoners in the penitentiary several years before. The defendant denied doing anything other than driving around with Mann and going to Gaye's place with him. He testified he knew nothing about Mann's purpose to

rob Gaye and, in fact, that Mann stated he was going in there to compel Gaye to sell him some liquor, which he had refused to do a short time before. When Goff heard the shots, he drove away to avoid implication. He proved he had a good job and insisted there was no reason for him to have committed the crime.

The court heard evidence in chambers as to the circumstances under which the confession had been made and found it to have been given voluntarily. We readily concur. And, though the defendant testified otherwise, the evidence sustains the conclusion that he had not requested an attorney before the inquiry. It is conceded that the prisoner was handcuffed when he made the confession. Under some circumstances, it is well that a prisoner be thus restrained. It is the conception of the law that a confession is not rendered involuntary because of that fact. 22 C.J.S., Criminal Law, § 817, page 1433; Greenhill v. United States, 5 Cir., 6 F.2d 134. Mr. Justice Harlan wrote in Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 275, 39 L.Ed. 343, "Counsel for the accused insist that there cannot be a voluntary statement, a free, open confession, while a defendant is confined and in irons, under an accusation of having committed a capital offense. We have not been referred to any authority in support of that position. It is true that the fact of a prisoner being in custody at the time he makes a confession is a circumstance not to be overlooked, because it bears upon the inquiry whether the confession was voluntarily made, or was extorted by threats or violence or made under the influence of fear. But confinement or imprisonment is not in itself sufficient to justify the exclusion of a confession, if it appears to have been voluntary and was not obtained by putting the prisoner in fear or by promises. Whart. Cr.Ev. (9th Ed.) §§ 661, 663, and authorities cited."

There was no conflict in the evidence that Mann was an accomplice. Where there is no dispute of the facts or a witness is a confessed accomplice, it is the duty of the court to instruct the jury that he is to be so considered. Hence, the complaint that this was error is without foundation. Hendrickson v. Commonwealth, 235 Ky. 5, 29 S.W.2d 646.

The appellant cites some cases antedating Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609, to the effect that the corroborative evidence must in itself have been sufficient to establish the guilt of the accused independently or exclusively of the accomplice's testimony. In that and subsequent cases we have held that the Code rule is met if there is any evidence tending to corroborate. Sec. 241, Criminal Code of Practice. It has always been held that a properly admitted confession of the accused is sufficient corroboration. May v. Commonwealth, 299 Ky. 340, 185 S.W.2d 415. In the present case the circumstances would have been sufficiently corroborative without the confession. Fife v. Commonwealth, 279 Ky. 14, 129 S.W.2d 983.

The judgment is affirmed.