**Orville SHIRLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1964.

Rehearing Denied June 5, 1964.

**818**

E. R. Gregory, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Morris Lowe, Commonwealth's Atty., Bowling Green, for appellee.

WADDILL, Commissioner.

Appellant was convicted of the crime of robbery and sentenced to three years' confinement in the state prison. KRS 433.120 (1).

The chief prosecuting witness stated on direct examination that he had not consumed anything intoxicating prior to the time he was robbed. On cross-examination he conceded that, on occasions, he drank a beer or two but never more than four. He was then asked if he had not been arrested about fifteen times for public drunkenness. The court sustained an objection interposed in behalf of the Commonwealth. Appellant contends that this ruling was erroneous and prejudicial in that it prevented him from attacking the credibility of the witness.

Apparently the question sought to lay a foundation for subsequent contradiction and impeachment of this witness. However, the provisions of CR 43.07 do not permit this to be accomplished by showing particular wrongful acts of the witness except, if this witness had been convicted of a felony, that fact could have been shown. See Clay CR 43.07, Author's Comment 2. This Civil Rule was properly applied since it supersedes Section 597 of the former Civil Code of Practice (applicable in criminal proceedings) and is now made controlling in such cases by KRS 447.155 and RCr 13.04. Moreover, it is a general rule that a witness cannot be cross-examined about a matter which is collateral and irrelevant to the issue. Kelly v. Commonwealth, 260 Ky. 715, 86 S.W.2d 695; Hayden v. Commonwealth, 140 Ky. 634, 131 S.W. 521. Hence, the court correctly prevented interrogation which was designed to show that the witness had been arrested numerous times for drunkenness.

The chief prosecuting witness testified that the appellant was operating a yellow, 1951-Ford on the day the alleged robbery occurred. On cross-examination he denied that he had told a newspaper reporter the color of the automobile was white. To contradict him counsel for appellant tried to introduce a newspaper article relating that the witness had said the color of the automobile was white. Appellant contends that the court erred in refusing to permit the introduction of the newspaper article. This ruling was proper because the news article was rank hearsay. The proper way in which to contradict the witness, in this respect, would have been by the testimony of the person to whom the appellant had made a contrary statement.

During the further interrogation of the chief prosecuting witness the Commonwealth's Attorney asked if he had seen appellant prior to the robbery. The witness replied that he had seen appellant at a public park "when he cut a soldier." Counsel for appellant objected to the response and moved for a discharge of the jury. The court sustained the objection and admonished the jury not to consider the response. Ordinarily, evidence showing that accused has committed other crimes than that for which he is being tried is not admissible except when necessary to establish identity, guilty knowledge, intent, or motive for the crime or when the other offenses are so interwoven with the one under trial that they cannot be separated. Holt v. Commonwealth, Ky., 354 S.W.2d 30; Ellison v. Commonwealth, 311 Ky. 757, 225 S.W.2d 470. The unresponsive answer did not show that appellant had committed a crime. While it indicated participation

in an affray, the admonition of the court to disregard it sufficiently cured its prejudicial effect so as to make the discharge of the jury unwarranted. Sizemore v. Commonwealth, Ky., 357 S.W.2d 322; Whitaker v. Commonwealth, 297 Ky. 279, 179 S.W.2d 448.

■ During the course of the trial appellant's counsel discovered that two witnesses whom he had subpoenaed were not present in court. His request for a continuance on this ground was refused. There was no affidavit filed which established the competency and materiality of the missing witnesses' testimony. RCr 9.-04. Under these circumstances there was no abuse of discretion on the part of the court in refusing to grant a continuance.

■ Appellant's claim of error with respect to certain testimony of Sheriff Wells is without merit. This testimony concerned the condition of a door of appellant's automobile. We have carefully reviewed the testimony and find it was not prejudicially erroneous.

■ On direct examination the chief prosecuting witness was asked to point out the persons who abducted and robbed him.. The witness identified· the appellant as one of those persons. Appellant urges that this method of identification constituted error because he and his attorney were the only persons sitting at the table that was assigned to the appellant. The reading of the pertinent section of the transcript discloses no prejudice by this mode of identification.

■ With respect to the contention of error in the summation of the case by the Commonwealth's Attorney we observe only one questionable statement was made and this statement cannot be regarded as prejudicial. See Tarrence v. Commonwealth, Ky., 265 S.W.2d 40; Vance v. Commonwealth, 304 Ky. 686, 202 S.W.2d 163.

■ In submitting the case to the jury the court inadvertently permitted the jury to take certain documents from a companion case into the jury room. After a few minutes had elapsed the court discovered the error, recalled the jury and properly re-submitted the case to it. The affidavits of the members of the jury show that they had not discovered the mistake. Furthermore, the appellant did not move to discharge the jury nor make any objection to the irregular procedure. Under the state of the record the court did not err in re-submitting the case to the jury.

■ Appellant's further claim that the court abused its discretion in not granting him a continuance on the ground that his face was bruised due to a recent automobile accident and therefore he could not make a favorable impression on the jury will not be considered since he did nothing to obtain it in the circuit court.

The judgment is affirmed.