**Charles N. BACH, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1966.

John C. Fogle, Mt. Sterling, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Charles N. Bach was convicted of a violation of KRS 433.220 and sentenced to serve three years' confinement in the reformatory. It was charged that he " * * * did un-

lawfully and feloniously take, drive or operate a motor vehicle, * * * the personal property of Harry Hunt and Jack May, without the knowledge and consent of the said owners, * * *." He urges on appeal that the evidence is insufficient and that certain testimony was erroneously admitted.

Harry D. Hunt, an auto dealer, discovered that a 1960 Ford was missing from his used car lot in Mt. Sterling. The loss was reported to the police.

Several days later John P. Tilley, sheriff of Carroll County, received a call which led him to a drive-in restaurant near Carrollton. He saw appellant and a companion in a Ford car parked at the curb for service. Appellant was seated under the steering wheel. He admitted to Tilley that he had no title to the car and that he had taken it. The car was subsequently identified as being the one taken from Hunt's Mt. Sterling used car lot. When appellant was arrested the ignition wires in the car were disconnected and there was no key in it. The sheriff searched appellant at the time of the arrest and took from him a wallet containing papers that indicated it belonged to one Leonard Campbell. An Armed Forces identification card corresponding to the identity of the appellant was also in the wallet. The chief of police in Mt. Sterling testified that Campbell, a Mt. Sterling resident, had identified the wallet as belonging to him.

Appellant argues that the proof failed to establish that he either took, drove, or operated the car. He urges that he was only sitting in the car and did not move it. The unexplained presence of appellant in a car in Carrollton which unquestionably had been taken from Mt. Sterling without the owners' consent, coupled with the testimony concerning the ignition wires, the wallet taken from a Mt. Sterling resident, and appellant's admission that he had taken the car, was sufficient to establish a case for the jury under KRS 433.220.

The Carroll County sheriff was permitted to testify without objection concerning the discovery of the wallet and its contents. Failure to object constituted a waiver as to this testimony. RCr 9.22. The Mt. Sterling chief of police testified over objection that the wallet had been identified as belonging to Leonard Campbell. The basis of this objection is that it is hearsay and injects the commission of a second offense into the trial. The witness did not repeat any conversation with Campbell but testified that Campbell had identified the wallet. Without deciding whether the testimony was erroneously admitted, in view of the other evidence concerning the wallet and appellant's admission, the error, if any, was not prejudicial. The identity of the wallet's ownership was evidence of the proximity of the appellant to the place where the car was taken, which tended to show that appellant had been in Mt. Sterling and the commission of the offense charged. For this purpose it was admissible. Shepperd v. Commonwealth, Ky., 322 S.W.2d 115; Smith v. Commonwealth, Ky., 366 S.W.2d 902; and Shirley v. Commonwealth, Ky., 378 S.W.2d 816.

*Judgment affirmed.*